THE M. B. FAXON COMPANY v. THE LOVETT COMPANY.

Without complying with the provisions of the supplement to the Corporation act, approved March 14th, 1895 (*Gen. Stat., p.* 994), foreign corporations may maintain suits in this state on contracts made anywhere before the passage of the act, and on contracts made outside of New Jersey since the passage of the act.

On contract.

A supplement to the Corporation act, approved March 14th, 1895 (*Gen. Stat., p.* 994), requires certain foreign corporations, "before transacting any business in any manner whatsoever in this state," to file certain papers in the department of state, and then enacts that, upon filing such papers, "the secretary of state shall issue to the said foreign corporation a certificate that it has complied with all the requirements of law to authorize it to transact business in this state, and that the business of such corporation to be carried on within this state is such as may be lawfully carried on by corporations incorporated under the laws of New Jersey for similar business; until such corporation so transacting business in this state shall have obtained said certificate of the secretary of state, it shall not maintain any action in this state upon any contract made by it in this state, but any lawful contract made prior to the passage of this act may be performed and enforced within this state subsequent to that date."

The M. B. Faxon Company, a corporation of the State of Maine, having brought a suit on contract in this court against the Lovett Company, the latter pleaded in abatement that *at the time of issuing the writ* the plaintiff had not complied with said act. This plea the plaintiff moves to strike out, on the ground that, as the contract does not appear to have been made within this state since the approval of the act, the suit is not prohibited by the statute.

Argued at November Term, 1896, before Justices DIXON and LUDLOW.

For the plaintiff, *Robert M. Boyd.*

For the defendant, *Applegate & Hope.*

The opinion of the court was delivered by

DIXON, J. We think the position of the plaintiff is well founded. The legislature did not intend to include the main-

tenance of suits in the business which it forbade to be transacted. Moreover, by expressly prohibiting the maintenance of suits on contracts made in this state, it impliedly permitted suits on contracts made elsewhere, and it further expressly authorized suits on lawful contracts made prior to the passage of the act, without any restriction as to the place where such contracts had been made. We interpret the law to permit foreign corporations, without complying with *its* provisions, to maintain suits in this state on contracts made anywhere before the passage of the act, and on contracts made outside of the state since the passage of the act.

We therefore consider the plea defective, and it must be struck out, with costs.