SAMUEL W. ALLERTON, DEFENDANT IN ERROR, v. JAMES GRUNDY AND JOHN GRUNDY, PLAINTIFFS IN ERROR.

Submitted July 5, 1901—Decided November 11, 1901.

1. On review by writ of error of a judgment in a cause tried without a jury, if error be assigned only on an exception to the general finding at the trial, there cannot be a reversal unless there is no evidence which can support such finding.

2. On the trial of a suit against maker and endorser of a promissory note, the declaration being framed in *assumpsit*, the defence attempted to be proved under the general issue was that the consideration for the note was a debt arising out of business transactions in this state with a foreign corporation, not a party to the note nor its holder; and that such corporation was not authorized to transact business in this state. *Held*, that the burden was upon the defendant to prove such lack of authority. Mere proof of foreign incorporation will not, even *prima facie*, suffice for that purpose.

On writ of error to the Passaic County Circuit Court.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiffs in error, *James C. Blauvelt.*

For the defendant in error, *Jacob W. De Yoe* and *Rayton E. Horton.*

The opinion of the court was delivered by

COLLINS, J.  The suit in the court below was on a promissory note made by James Grundy, drawn to his own order, and endorsed by him and by John Grundy.  The declaration was framed in *assumpsit* and the plea was the general issue.  At the trial a jury was waived.  The plaintiff proved the signatures on the note and rested his case.  The defendants attempted to prove that the note was given in consideration of a debt arising out of business transactions within this state between James Grundy and the Arcade File Works, a corporation of Indiana, and that such corporation was not authorized to transact business in this state.  Some of the evidence adduced indicated that the transactions in question were between James Grundy and the Allerton-Clarke Company, sales agents of the Arcade File Works, and that such transactions were not wholly within this state.  It was proved that the note in suit was given by the defendants to the attorney of the plaintiff, then acting for the Arcade File Works, but such attorney testified, on the call of the defendants, that before its maturity he was instructed by that corporation to turn over the proceeds when collected to the plaintiff, who, he understood, was its president.  There was no evidence in rebuttal.  The trial judge decided the issue in favor of the plaintiff.  Counsel for the defendants then moved for judgment in their favor, for the following reasons: "As the Allerton-Clarke Company was the agent of the Arcade File Works, which latter is a foreign corporation and has not complied with the law of this state regarding foreign corporations, no action could be brought by the said The Arcade File Works, nor by any of its officers for its use, upon any contract made by the said corporation while carrying on business in this state, nor on any contract made by the said The Allerton-Clarke Company while carrying on business in this state as the agent of the Arcade File Works, and for the reason that the plaintiff who seeks to recover in this case is the president of the Arcade File Works."

The court denied the motion and sealed an exception, which we must assume was considered by the learned judge as an exception to his general finding for the plaintiff.  The errors

assigned must be applied to this exception, and there cannot be a reversal unless there be no evidence to support the court's finding. It was entirely competent, under the evidence, for the court to find that the transactions forming the consideration of the note were with the Allerton-Clarke Company, whose *status* was not proved, or that they were consummated outside of this state, or that the plaintiff was a *bona fide* holder for value of the note in suit. But if we grant the defendants' assumption that the transactions referred to were with the Arcade File Works and took place in this state, the defence fell far short of legal establishment. Evidence, of doubtful legality, of the incorporation in Indiana of an association called the Arcade File Works was received, and there was admitted in evidence a certificate of the secretary of state of New Jersey, dated just before the trial, as follows: "I have examined the files and records of the certificates of incorporations organized under our General Corporation act and I do not find on file or record any certificate of incorporation of 'The Arcade File Works' or 'Arcade File Works,' 'The Allerton-Clark Company' or 'Allerton-Clark Company.'"

I find no statute making such a certificate evidential, but even if it be so, the defence rested solely on the evidence that the Arcade File Works was a foreign corporation transacting business in this state. The theory of the defendants was that the burden of proving its authority to transact business here then fell upon the plaintiff. This theory is unsound. The proof of foreign incorporation did not make even a *prima facie* case. To establish the defence set up it was incumbent on the defendants to show that the Arcade File Works was a "foreign corporation transacting * * * business * * * in this state without having first obtained authority therefor," as provided in section 97 of the General Corporation act. *Pamph. L.* 1896, *p.* 277. The words quoted are taken from section 100 of that statute, which makes such transacting of business penal. The burden of proof to overcome a presumptively legal claim was clearly on the defendants, even though to do so they had to prove the non-existence of facts. *Turner* v. *Wells,* 35 *Vroom* 269.

As, by the ninety-eighth section of the act, a foreign corporation transacting business in this state cannot maintain any action in this state on contracts here made until it has obtained a certificate of authority required by the ninety-seventh section, it may be that upon such a plaintiff rests an affirmative burden to produce such a certificate, though even as to it the true practice seems to be to plead in abatement non-compliance with the act (*Faxon Co.* v. *Lovett Co.*, 31 *Vroom* 128), but where the question of authority is a collateral inquiry the rule must be otherwise.

It must not be implied that the defence, if established, would have been effectual.

The judgment will be affirmed.