THE MACMILLAN COMPANY (A CORPORATION OF NEW YORK), RESPONDENT, v. ROBERT STEWART, PROSECUTOR.

Submitted November 5, 1902—Decided February 24, 1903.

1. *Prima facie* proof of the existence of a corporation plaintiff is sufficient where the defendant fails by plea or otherwise to make the existence of the corporation an issue in the case.
2. A foreign corporation may bring suit in this state upon a contract made in a foreign state without complying with the provisions of the Corporation act requiring a certificate to be filed in this state.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Louis G. Morten.*

For the respondent, *Llewellyn F. Hobbs.*

The opinion of the court was delivered by

GARRETSON, J. It appeared, *prima facie,* in the case that the plaintiff was a corporation. The defendant made a contract with it. He negotiated with it as to the discontinuance of a former suit upon the same contract, and agreed to pay the balance then due. He went to trial without notifying the defendant in any way, by plea or otherwise, that its corporate existence would be disputed. *Star Brick Co.* v. *Ridsdale,* 7 *Vroom* 229. It further appeared that the plaintiff was a foreign corporation; that the contract sued on was made in New York, and was a single transaction with the defendant.

The plaintiff was not bound in such case to comply with the provisions of the Corporation act requiring it to file a certificate in this state, and was competent to bring this action. *Faxon Co.* v. *Lovett Co.,* 31 *Vroom* 128.

The plaintiff offered in evidence its books of account, and proved them by its cashier, who testified that he knew all about them, and also produced the original contract or order, which the defendant admitted was signed by him. The plaintiff also proved that it had previously begun a suit upon the same contract, which had been withdrawn at the request of the defendant, he agreeing to pay the costs of that suit, as well as the balance due on the contract, and had made one payment after the suit was discontinued. The motion to nonsuit was properly denied. The defendant offered no evidence.

The judgment will be affirmed, with costs.