THE SLAYTOR-JENNINGS COMPANY, APPELLEE, v. THE
SPECIALTY PAPER BOX COMPANY, APPELLANT.

Argued November 10, 1902—Decided February 24, 1903.

1. A foreign corporation may maintain suits in this state on con-
   tracts made outside of New Jersey since the passage of the act
   concerning corporations (Revision of 1896), without complying
   with the provisions of the ninety-seventh section of that act.
2. Unliquidated damages cannot be set off in suits in the District
   Courts.

On appeal.

Before Justices GARRISON and GARRETSON.

For the appellant, *Leon Abbett.*

For the appellee, *Gallagher & Kirkpatrick.*

The opinion of the court was delivered by

GARRETSON, J.   This is an appeal by the defendant from
the judgment of the Second District Court of Newark, under
the provision of an act of the legislature of April 3d, 1902.
*Pamph. L., p.* 565.

The grounds of the appeal are—*first,* that the plaintiff,
being a foreign corporation, could not maintain the action;
*second,* that the defendant should have been allowed to set
off a claim for unliquidated damages against the plaintiff's
demand.

Order for the goods, the price of which is the subject of
the suit, was given by the defendant to a selling agent or
broker for the plaintiff and several other firms or corpora-
tions.   The order was placed with the agent at the defend-
ant's office in Newark, and the agent did not, at that time,
disclose for whom he was acting.   Subsequently the order
was mailed by the agent to the plaintiff at their office in

the city of Boston for their acceptance, and was accepted by the plaintiff. The contract was executed in Massachusetts, hence no corporate act was shown to be done in New Jersey.

In *Faxon Co.* v. *Lovett Co.,* 31 *Vroom* 128, this court construed the ninety-seventh section of the "Act concerning corporations" (Revision of 1896; *Pamph. L., p.* 307) to prevent foreign corporations, without complying with its provisions, to maintain suits in this state on contracts made outside of the state since the passage of the act.

The contract in this case was not made under the order obtained by the agent until it was accepted in Massachusetts. *Delaware and Hudson Canal Co.* v. *Mahlenbrock,* 34 *Vroom* 281; 13 *Am. & Eng. Encycl. L.* (*2d ed.*) 869, 870.

The second ground of appeal is that the judge of the District Court overruled a set-off or counter claim of the defendant against the plaintiff for unliquidated damages. It is a general rule that unliquidated damages cannot be set off. *Edwards* v. *Davis,* 1 *Halst.* 394; *Smock* v. *Warford,* 1 *South.* 306; *Parker* v. *Hartt,* 5 *Stew. Eq.* 225, 230.

The language of the sixtieth section of the District Court act (*Pamph. L.* 1898, *p.* 574), "if the defendant have any account or demand against the plaintiff he shall be permitted to discount or set off the same against the account, debt or demand of such plaintiff," establishes no different rule. This only means a claim having the characteristics denoted by the word "set-off," one of which is its liquidated character. The act concerning set-off (*Gen. Stat., p.* 3109, § 1) is expressly limited to liquidated damages.

Judgment will be entered for the plaintiff, with costs.