E. E. VON SEYFRIED, A CORPORATION, v. GEBHARD H. VOLLERS.

Submitted June Term, 1907—Decided November 11, 1907.

Whether sales of goods by a foreign corporation are made under such circumstances as to require the inference that the corporation is engaged in the general prosecution of its ordinary business in this state and subject to the provisions of section 97 of the Corporation act (*Pamph. L.* 1896, *pp.* 277, 307), is a question of fact to be decided by the trial court.

On appeal from Bayonne District Court.

For the appellant, *Max Salinger.*

For the respondent, *Daniel J. Murray.*

The opinion of the court was delivered by

SWAYZE, J. The demand for security for costs was not made in the manner and at the time required by the statute, and this point was very properly not pressed by the appellant's counsel.

The claim that the placing of two orders for cigars in Bayonne with the plaintiff's salesman was such a transaction of business in this state as made it necessary for the plaintiff to file a certificate with the secretary of state under section 97 of the Corporation act (*Pamph. L.* 1896, *p.* 307) cannot be sustained. Transaction of business by a foreign corporation within this section means the general prosecution of the ordinary business of the corporation, and this is not the necessary inference from isolated sales. *Delaware and Hudson Canal Co.* v. *Mahlenbrock,* 34 *Vroom* 281. In that case the Court of Errors and Appeals cited with approval cases in the New York Supreme Court and a passage from *Thompson on Corporations* to that effect.

Whether the sales in a particular case are made under such circumstances as to require the inference that the foreign corporation is engaged in the general prosecution of its ordinary business is a question of fact to be decided by the trial court, and its finding is not open to review where there is any evidence to sustain it. The evidence in this case leaves it doubtful whether the sales were consummated in New Jersey or at the office of the plaintiff, which seems to have been in New York. The trial court may have found the latter to be the fact. If so, its conclusion that the plaintiff was not "within the limitation of the statute" was correct. *Slaytor-Jennings Co.* v. *Specially Paper Box Co.,* 40 *Vroom* 214. But even if the sales were consummated in New Jersey, they may have been made under such circumstances that they did not amount to a transaction of business within the state under the rule established in the cases cited.

The plaintiff is entitled to judgment, which may be entered in this court.