## VOLUME 112,

### AND

## New York State Reporter,

## VOLUME 146.

(60 Misc. Rep. 235.)

### RAYMOND v. RING.

(Supreme Court, Special Term, Westchester County. July 24, 1908.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—LETTERS—GENUINENESS.
   Where newly discovered evidence consisted of letters which, if genuine, would be material and admissible, and sufficient to warrant a new trial, such new trial should not be refused because plaintiff denies the genuineness of the letters, as defendant should have an opportunity of submitting the question to the jury.

2. LIBEL AND SLANDER—EVIDENCE—TRUTH OF CHARGES—LETTERS.
   Where, in an action for slander in charging plaintiff with being an unchaste woman, defendant pleads in mitigation of damages that plaintiff's reputation for chastity is bad, and that she has had improper relations with a certain man, letters written by her to such man tending to prove defendant's allegations are admissible.

3. SAME—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.
   In an action for slander in charging plaintiff with being an unchaste woman, defendant pleaded in mitigation of damages that plaintiff's reputation for chastity was bad, and that prior to the alleged slander she had been on intimate terms with a man named, and had frequently passed the night with him. The principal questions litigated on the trial had reference to her relations with him, but the evidence was hardly sufficient to justify the jury in finding any improper relations between them. The trial resulted in a verdict for plaintiff for $8,000, indicating that the jury did not consider defendant's evidence sufficient. A motion for new trial was based on letters discovered in the man's room subse-

112 N.Y.S.—1

quent to the trial, which, if genuine, would support defendant's contentions. *Held*, in view of the fact that such letters would probably produce a different result, a new trial should be granted.

4. NEW TRIAL—MOTION—TIME FOR MAKING—LACHES.

Where the newly discovered evidence relied on by defendant as ground for new trial was found pending an appeal from the judgment against her, she was justified in deferring her motion for new trial until that appeal was determined.

Action by Grace Raymond against Naomi Ring for slander. Verdict for plaintiff, and defendant moves for a new trial, on the ground of newly discovered evidence. Motion granted.

See 110 N. Y. Supp. 3.

William L. Snyder, for plaintiff.
Johnson & Mills, for defendant.

TOMPKINS, J. This is a motion for a new trial on the ground of newly discovered evidence. The action is for slander, and was tried in April, 1907, resulting in a verdict in plaintiff's favor for the sum of $8,000. The judgment and order denying defendant's motion for a new trial were affirmed on April 24, 1908, by a divided court, and this motion was made on May 1, 1908. The language complained of charged the plaintiff with being an unchaste woman, and particularly with having had illicit relations with one Patrick J. Ring, who was the manager of an opera house owned by the defendant in the city of Mt. Vernon. The defendant pleaded in mitigation of damages that the plaintiff's reputation for chastity was bad, and that for a long time prior to the alleged slander she had been on intimate terms of friendship and association with said Ring, and on one or more occasions had occupied said Ring's bedroom with him, and that prior to the uttering of the alleged slander defendant had been informed by divers people that the plaintiff and said Ring had frequently passed the night, or a greater part of the night, in Ring's said bedroom in the defendant's opera house, and that early in the morning of the 28th of June, 1904, which was the day the slanderous words were spoken, the defendant received information from a reliable person to the effect that the plaintiff and said Ring had passed the night, or a greater part thereof, in said Ring's room, and that if the defendant would at once go to the said opera house, and watch a certain entrance thereof, she would soon find the plaintiff coming out of the said entrance, and that the defendant thereupon, early in the morning of said day, did go to the said entrance, and, secreting herself in an adjoining building, did watch the same, and that within a few minutes thereafter the defendant saw the plaintiff emerge therefrom, and thereupon the defendant accosted the plaintiff, and charged her with having been in said room with Ring, and that it was at that time that the slanderous words were spoken, and that said words had reference to the plaintiff's alleged misconduct with the said Ring. The principal questions litigated upon the trial had reference to the plaintiff's relations with said Ring, who was a married man, and her conduct on a certain occasion with a certain man in New York City.

The defendant offered some testimony tending to show plaintiff's

association with said Ring, but hardly enough to justify the jury in finding any improper relations between them. That fact is apparent from the amount of the verdict rendered in the plaintiff's favor, an unusually large one for a slander suit, clearly indicating to my mind that the jury determined, not only that plaintiff's relation with Ring had been in all respects proper and correct, but that the defendant's offense in speaking the slanderous words was aggravated by the partial defense unsuccessfully pleaded in mitigation. At the trial it was claimed on the part of the plaintiff that she was a chaste and pure woman, and that her relations with Ring were purely platonic, and the jury evidently found that to be the fact, else would not have given such a large verdict.

This motion for a new trial is made upon the ground of evidence alleged to have been discovered after the trial, and in July, 1907, in the form of letters, which it is claimed were written by the plaintiff to the said Patrick J. Ring, and were found in a pocketbook which is conceded to have been the property of Ring, in a room which he had occupied as a bedroom in the said opera house. The letters are love letters, pure and simple, and more than that lead the mind irresistibly to the conclusion that immoral practices had been indulged in by the plaintiff and Ring. In view of the fact that the amount of the verdict clearly indicates a finding by the jury that the plaintiff was a woman of good morals, and innocent of any immoral conduct with Ring, it seems to me that the result would have been different had the jury had before it the letters upon which this motion is based, if the letters are proven to have been written by the plaintiff, because, if they were written by the plaintiff to Ring, there is only one reasonable deduction to be made from them, and that is that she and Ring had indulged in improper relations and illicit intercourse. The plaintiff denies the genuineness of the letters, and declares them to be spurious. Without expressing an opinion on that question (because of its possible effect upon a second trial of the case), I am of opinion that the defendant should have an opportunity of submitting the letters to a jury, and have their authenticity and effect passed upon at a new trial.

The plaintiff claims that the letters, if genuine, are immaterial and inadmissible. I think otherwise. The plaintiff was a witness, both for the purpose of proving the slander, as well as to give evidence of acts on the defendant's part, and circumstances before and after the date of the slander tending to show actual malice on the defendant's part, and on her cross-examination she was questioned concerning her relations with Ring. If at the trial the defendant had had these letters, and they were genuine, they could have been used very effectively on plaintiff's cross-examination, and put in evidence in support of defendant's claim concerning plaintiff's relations with Ring and in mitigation of damages. They could also, if genuine, have been used to contradict Ring's testimony which he gave, to the effect that he had never had any improper relations with plaintiff. If the letters are genuine and show the true relations existing between the plaintiff and Ring prior to, and at the time of, the alleged slander, it can hardly be seriously argued that a jury would give any such verdict

as was given at the former trial. The test on a motion of this kind is whether, with the newly discovered evidence, a different outcome is probable. I think that it is, assuming that the letters are genuine. I have no doubt from the papers before me that the letters were found, as stated by Rosenberg, in the room in the opera house which Ring had just previously occupied, and the fact that at the time of their delivery to the defendant's attorneys the appeal to the Appellate Division was pending justified the defendant in deferring this motion until that appeal was determined, and hence there have been no laches.

I have carefully considered all of the points made and cases cited by plaintiff's counsel in opposition to this motion, and am forced to the conclusion that in view of the size of the verdict, and the obvious considerations which induced it, and the contents of the letters found since the trial and alleged to be in the plaintiff's handwriting, that the defendant should have another opportunity to establish, if she can, the partial defense in mitigation of damages set forth in the answer. All of the elements required to entitle a party to a new trial, on the ground of newly discovered evidence, are presented by the defendant's papers on this motion. Indeed, in my opinion, a very strong case is made out.

Motion to set aside and vacate the judgment, and for a new trial on the ground of newly discovered evidence, is granted, upon the defendant's paying to plaintiff's attorney within 15 days after the entry of the order herein the costs and disbursements taxed in the action, and, in case of her failure so to do, the motion is denied, with $10 costs.