THE BELL TELEPHONE COMPANY OF PHILADELPHIA, APPELLEE, v. GALEN HALL COMPANY, APPELLANT.

Submitted December 9, 1908—Decided March 4, 1909.

The taking in this state of applications for advertising space that do not become contracts until accepted by the officers of a Pennsylvania corporation in that state, which contracts are performed by the insertion of the advertisement in a book made and published in Pennsylvania, is not the transaction of business in this state within the prohibition of section 97 of our Corporation act.

On appeal.

Before Justices GARRISON, PARKER and VOORHEES.

For the appellant, *Clarence L. Cole.*

For the appellee, *Eli H. Chandler.*

The opinion of the court was delivered by

GARRISON, J. Judgment in the District Court went against the appellant for the contract price of an advertisement inserted in the "Bell Telephone Company of Philadelphia

Directory," a book published in Pennsylvania by a corporation of that state.

The reversal of this judgment is sought upon the sole ground that the trial court erred in its refusal to grant the motion to nonsuit the appellee on the ground that it was a foreign corporation transacting business in this state without having complied with the provisions of our Corporation act.

On this motion the testimony was to be resolved most favorably to the appellee, hence for the purposes of such motion it was an admitted fact that the application taken in this state for space in the appellee's publication did not become contracts unless and until they were accepted by the officials of the Pennsylvania corporation in that state. If thus accepted performance took place by the printing of the advertisement in a book made and published in Pennsylvania. The business was therefore transacted in that state. The circumstance that such book also circulated in this state as a telephone directory did not render either the making of the contract or its performance the transaction of business in New Jersey any more than would the circulation here of a Pennsylvania newspaper that contained an advertisement of an Atlantic City hotel. *Faxon* v. *Lovett Co.,* 31 *Vroom* 128; *Slaytor-Jennings Co.* v. *Paper Box Co.,* 40 *Id.* 214; *Mac-Millan Co.* v. *Stewart, Id.* 212, 676.

On the sole ground urged the judgment of the District Court is affirmed. The question whether or not the appellant could raise the defence of *ultra vires,* notwithstanding it had contracted for and profited by such alleged *ultra vires* act, was not pressed to a decision in counsel's brief.