JOSEPH LOW, PLAINTIFF, DEFENDANT IN ERROR, v. WIL-
LIAM E. DAVY, DEFENDANT, PLAINTIFF IN ERROR.

Submitted March 25, 1912—Decided June 19, 1912.

The agent of a foreign corporation, which had not obtained from the
secretary of state a certificate that it was authorized to do busi-
ness in this state, negotiated for it a sale of goods to the. de-
fendant. The negotiations were carried on in this state, and re-
sulted in a written agreement signed in this state by the de-
fendant and the agent, which contained an express stipulation
that it was subject to the approval of the home office of the ven-
dor in another state. *Held*, that the writing did not become a
contract, binding the parties thereto, until it was approved by
the foreign corporation, and such sale not being completed until
such approval, it was not "transacting business in this state,"
requiring the obtaining of the aforesaid certificate of the secre-
tary of state before any action could be brought upon any con-
tract made by it, as prescribed in section 98 of "An act con-
cerning corporations" and the supplements thereto. *Pamph. L.*
1896, *ch.* 185;

On error to the Supreme Court.

For the plaintiff in error, *Chandler & Robertson.*

For the defendant in error, *Wilson & Carr.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff, as trustee for the James E.
Pepper Distilling Company, brought a suit on certain notes
given for whiskey sold and delivered by the distilling com-
pany, it having assigned the notes after maturity to the
plaintiff.

The principal defence is that the distilling company, a
foreign corporation, was prohibited by statute from main-
taining any action in this state upon any contract made by
it in this state because it had not complied with section 97
of "An act concerning corporations," and the supplements
thereto (Revision of 1896), *Pamph. L., ch.* 185, *p.* 277, which

requires every foreign corporation, not expressly excepted, before transacting any business in this state, to file in the office of the secretary of state a copy of its charter; a statement of the amount of its capital stock authorized, and the amount actually issued; the character of the business which it is to transact in this state and designating its principal office in this state, and an agent upon whom process against such corporation may be served, in default of which the corporation is forbidden, by section 98 of the act, an action in this state on any contract it may make.

The notes on which this action is founded were given as part consideration of a contract negotiated in this state by an agent of the foreign corporation. The contract was in writing, signed by the defendant and by the agent of the distilling company, and by its terms the defendant agreed to purchase from the distilling company a certain quantity of whiskey and pay for it $1,101.92, upon the following terms, $101.92 in cash and twelve promissory notes for $83.34 each. At the same time the defendant signed a written order for the whiskey, agreeing to pay $83.34 each month until the whole consideration was paid in full. The cash was paid, and notes given which, together with the contract and order, were sent by the agent to the home office of the distilling company in Chicago, in the State of Illinois. The contract, which was signed by the defendant and the agent, contained this stipulation: "No agent has any authority to alter or change this contract, and this contract is subject to the approval of our home office, Chicago, Ill." The trial court directed a verdict in favor of the plaintiff, and it is the judgment entered thereon which this writ of error seeks to reverse. The argument of the plaintiff in error is that the contract was made in the State of New Jersey, and, as the distilling company being a foreign corporation, has not complied with our Corporation act and obtained from the secretary of state the proper certificate authorizing it to transact business in this state, no recovery can be had on any contract growing out of any business transacted in this state by such foreign corporation.

We are of opinion that the contract was not completed in the State of New Jersey, but, on the contrary, as the terms negotiated by the agent and the defendant were subject to the approval of the home office of the company, it did not become an efficient contract until such approval, and as that took place in the city of Chicago, the contract was one made in the State of Illinois, and as the business was there completed, the distilling company was not transacting business in the State of New Jersey in making this sale in the manner above indicated. This statute was under consideration in *Faxon Company* v. *Lovett Company,* 31 *Vroom* 128, in which the court said: "We interpret the law to permit foreign corporations, without complying with its provisions, to maintain suits in this state on contracts made anywhere, before the passage of the act, and on contracts made outside of the state since the passage of the act." This case was cited with approval in *D. & H. Canal Co.* v. *Mahlenbrock,* 34 *Id.* 281. In this case Mr. Justice Depue, speaking for the court, said: "Until the guarantee came to, and was accepted by, the company, the contract between these parties was not concluded. It does not distinctly appear in the evidence in what manner the guarantee was sent to the plaintiffs. The fair inference is that it was mailed to Rondout with the order for the coal. If that be so, the statute does not apply to this transaction," citing *Faxon Company* v. *Lovett Company, supra,* in support of his conclusion. In that case the guarantee was prepared in Jersey City, and mailed by the agent of the plaintiff to its principal office at Rondout, New York.

The contract in the present case having been made outside of this state, the action of the trial court is supported by the rule established in this state in the cases above cited.

Error is also assigned upon the refusal of the trial court to admit proof of a sale to one Collins upon a similar contract. This ruling was correct, for if defendant's contract was made in Chicago, it was not a contract made in this state, and it was of no consequence that a similar contract was made with Collins, for in neither case was the company transacting business in this state within the terms of the statute invoked.

Another assignment of error relates to the refusal of the trial court to admit proof of modification of the contract by the agent. The terms of the contract forbade any agent to alter the contract.

Finding no error in this record the judgment below will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KAL-ISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.