FEDERAL SCHOOLS, INCORPORATED, A CORPORATION, PLAINTIFF-APPELLANT, v. WILLIAM SIDDEN, Jr., DEFENDANT-RESPONDENT.

Submitted October 16, 1936—Decided December 14, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the plaintiff-appellant, *Irving U. Young* and *William Simon*.

For the defendant-respondent, *Peter C. Triolo*.

BODINE, J.   The plaintiff, a foreign corporation, maintains an office in Newark and solicits students in correspondence courses in illustration and cartooning to be sent from its home office in Minnesota.   The present action was for the agreed price for the course of instruction.   The contract was accepted and completed in the State of Minnesota where the plaintiff is incorporated.   An action brought on a note accompanying the contract was dismissed.   The present action was tried without a jury and the District Court entered judgment for the defendant on the ground that the plaintiff was a foreign corporation not licensed to do business in this state.   Beyond the fact that the plaintiff maintains a studio in this state where students may also receive some instruction and where an instructor is employed, the case is precise with and controlled by *International Textbook Co.* v. *Pigg*, 217 *U. S.* 91, 106.   It was there said: "It is true that the business in which the International Textbook Company is engaged is of a somewhat exceptional character, but, in our judgment, it was, in its essential characteristics, commerce among states within the meaning of the constitution of the United States. It involved, as already suggested, regular and practically, continuous intercourse between the textbook company, located in Pennsylvania, and its scholars and agents in Kansas and other states.   That intercourse was conducted by means of correspondence through the mails with such agents and scholars. While this mode of imparting and acquiring an education may not be such as is commonly adopted in this country, it is a lawful mode to accomplish the valuable purpose the parties have in view.   More than that; this mode—looking at the contracts between the textbook company and its scholars— involved the transportation from the state where the school is located to the state in which the scholar resides, of books, apparatus and papers, useful or necessary in the particular course of study the scholar is pursuing and in respect of

which he is entitled, from time to time, by virtue of his contract, to information and direction. Intercourse of that kind, between parties in different states, particularly when it is in execution of a valid contract between them, is as much intercourse, in the constitutional sense, as intercourse by means of the telegraph—'a new species of commerce,' to use the words of this court in *Pensacola Telegraph Co.* v. *Western Union Telegraph Co.*, 96 *U. S.* 1, 9. In the great case of *Gibbons* v. *Ogden,* 9 *Wheat.* 1, 189, this court, speaking by Chief Justice Marshall, said, 'commerce, undoubtedly, is traffic, but it is something more; it is intercourse.' Referring to the constitutional power of congress to regulate commerce among the states and with foreign countries, this court said in the Pensacola case, just cited, that 'it is not only the right but the duty of congress to see to it that intercourse among the states and the transmission of intelligence are not obstructed or unnnecessarily encumbered by state legislation.' This principle has never been modified by any subsequent decision of this court."

The court then considered the Kansas statute very similar to section 98 of our General Corporation act (*Comp. Stat., p.* 1657), and then said: "Was it competent for the state to prescribe, as a condition of the right of the textbook company to do interstate business in Kansas, such as was transacted with Pigg, that it should prepare, deliver, and file with the secretary of state the statement mentioned in section 1283? The above question must be answered in the negative upon the authority of former adjudications by this court."

In the present case, although the record is very meagre, it would seem that the plaintiff was engaged in interstate commerce. That an office was maintained in this state and that there was a resident instructor, who in part participated in the instruction, which was particularly carried on by mail between the head office of the company in the State of Minnesota and the resident scholar, does not destroy the interstate character of the transaction, and it seems error to have precluded the plaintiff from the right to recover under its contract for the agreed price for the services rendered.

Besides "foreign corporations, without complying with the

provision of section 98 of the Corporation act, may maintain suits in this state on contracts made outside of the state. *Faxon Co.* v. *Lovett Co.*, 60 *N. J. L.* 128; 36 *Atl. Rep.* 692; *Allerton* v. *Grundy,* 67 *N. J. L.* 55; 50 *Atl. Rep.* 352; *MacMillan Co.* v. *Stewart,* 69 *N. J. L.* 212; 54 *Atl. Rep.* 240; *Slaytor-Jennings Co.* v. *Specially Paper Box Co.,* 69 *N. J. L.* 214; 54 *Atl. Rep.* 247; *Bell Telephone Co.* v. *Galen Hall Co.,* 77 *N. J. L.* 253; 72 *Atl. Rep.* 47; *Low* v. *Davy,* 83 *N. J. L.* 540; 83 *Atl. Rep.* 869." *Commercial Credit Corp.* v. *Boyko,* 103 *N. J. L.* 620, 627; 137 *Atl. Rep.* 534.

The dismissal of the action brought upon the note did not preclude the plaintiff of its right to sue upon the contract.

The judgment is reversed.