Complainant filed its bill March 2d 1938, under the Fair Trade act (Rev. Stat. 56:4-3 et seq.) praying that the defendant corporation and Maxwell B. Gold, its vice-president, be restrained from selling complainant's trade-marked and branded products at prices less than those established by complainant. This is a motion for continuance of a restraint contained in an order to show cause allowed on filing the bill.
The allegations of the bill, verified by affidavits attached, show that complainant is the manufacturer or producer of certain whiskies bearing trade-marks, brands and names owned by complainant; that on November 18th, 1937, complainant entered into a contract with defendants, whose business *Page 459 
is to retail alcoholic beverages in this state, which contract provides that defendants will not advertise, sell or offer for sale within this state, below minimum prices stipulated from time to time by complainant, any beverages bearing the trade-mark, brand or name of complainant which defendants have acquired, or may thereafter purchase; that at the time of executing the contract complainant and defendants agreed on a minimum price list; that thereafter defendants knowingly and willfully sold complainant's trade-marked and branded "Calvert's Special Whiskey" and "Calvert's Reserve Whiskey" at less than said agreed minimum retail prices.
In opposing the motion defendants relied on a single affidavit sworn to by defendant Maxwell B. Gold wherein he states that he executed the contract in question on behalf of the corporate defendant, relying on the statement therein contained that complainant had entered into contracts with distributors whereby such distributors agreed not to sell complainant's products to retailers in this state until such retailers had executed a contract similar to the one executed by deponent, and upon representations made by complainant's assistant treasurer that no one would be able to purchase complainant's products in this state unless he had executed such contract and abided by its terms, and that complainant intended to enforce such contracts strictly; that complainant has permitted widespread price-cutting and defendants were compelled to meet such prices or suspend business in complainant's products; that defendants were led to believe by complainant's inactivity and conduct, that it did not intend to enforce its contract with defendants; that complainant has violated its contract with defendants by permitting retailers who have not executed contracts similar to the one executed by defendants, to purchase its products; that defendants have by registered mail called complainant's attention to widespread cutting of prices and that a number of its products were being advertised below its fixed prices; that February 17th, 1938, by registered mail addressed to "Calvert Distillers" at a New York City address, defendants specified *Page 460 
eleven retail stores wherein deponent had been informed complainant's products were sold below complainant's fixed prices, notwithstanding which complainant permitted its products to be sold by the stores named, in violation of the contract between complainant and defendants; that by permitting defendants' competitors to obtain complainant's products in breach of said contract, complainant has knowingly created a condition whereby defendants are subjected to unfair competition, against which complainant was under a duty to protect defendants.
If defendants had sufficient evidence or information that complainant had violated its contract with them, it was their duty to give notice of rescission immediately but instead of doing so, and waiting but nine days after the date of their letter listing alleged cut-rate retailers, they sold some of such products at prices below complainant's list prices, contrary to the terms of the contract and contrary to that clause of the contract which provides, "if the retailer has on hand any of said beverages after this agreement has been terminated for any reason, retailer shall before offering any of said beverages for sale at prices less than the minimum resale prices fixed therefor, first offer to return such beverages to the owner against payment therefor of an amount equal to the cost price thereof to retailer." Had the defendants tendered return of so much of complainant's products as they had on hand, with notice of rescission, it seems defendants could have suffered no damage.
It will be noted that defendants' affidavit deals largely in general statements. It specifies no instance wherein complainant has failed to enter into contracts with its distributors, similar to the one executed by defendants; it names no distributor who is violating his contract with complainant by selling complainant's products to retailers who complainant knows are violating the Fair Trade act. It does not give a copy of any letter alleged to have been sent complainant, other than the letter dated February 17th, 1938; while alleging "wide spread price cutting" with complainant's consent, it contains no evidence of complainant's knowledge thereof *Page 461 
and names no retailers guilty of such practices, other than the eleven named in the letter of February 17th, 1938, and as to those eleven, defendants' statement that those retailers are cutting prices is hearsay and the affidavit does not show that complainant was aware, prior to the date of that letter, that said retailers were cutting prices. That letter was addressed to complainant at New York City although the defendants' contract states complainant's office and place of business is in Maryland. If complainant received that letter, it does not appear that it failed to take steps against the offending retailers, or that the thirteen days which elapsed before it filed its bill against defendants was a reasonable time within which to take steps against them, either by discontinuing further sales to them or by giving them notice of their violation of complainant's rights under the Fair Trade act, which act requires that before retailers can be restrained it must be shown that they are "willfully and knowingly advertising, offering for sale or selling" below complainant's fixed prices.
Defendants' affidavit admits their contract with complainant and that they have violated its terms by selling complainant's products below the prices fixed by complainant. Their main contention is that because complainant has not proceeded against all retailers who are guilty of price-cutting, no restraint should go against defendants. I would say that complainant is required to use reasonable diligence to discontinue the sale of its products to retailers who, it knows, are cutting prices in violation of complainant's rights under the Fair Trade act, and if by complainant's acts or conduct it can be said to have waived or abandoned its rights to see that other retailers observe the requirements of the act, it would be inequitable to assist complainant in enforcing the provisions of that act against defendants, but there is nothing before me to show that complainant has not, or does not intend to cut off its supplies to all offending retailers or to prosecute suits similar to this against other dealers who may be selling in violation of the act. In fact the records of this court disclose that three other suits brought by complainant *Page 462 
against cut-rate retailers are pending in this court. Complainant is not required to commence a number of suits simultaneously; it must start against some offender in the neighborhood of defendants' place of business and relief obtained in one suit may be an effective warning to other offenders to desist in unfair practices.
The order to show cause entered on filing the bill of complaint herein, restrains defendants from advertising, offering for sale or selling any of complainant's products at prices below complainant's fixed prices and names six of such products. There is nothing in complainant's bill or affidavits to show that defendants have violated or intend to violate complainant's rights under the Fair Trade act with reference to complainant's products, other than as charged in the case of two of such products. Complainant is entitled to a temporary restraint pending final hearing but the restraint will be limited to forbidding sale by defendants of complainant's "Calvert's Special Whiskey" and "Calvert's Reserve Whiskey" below the minimum prices now or hereafter fixed by complainant. *Page 463