**REVERE COPPER & BRASS, Inc.**

v.

**GRAYSON-ROBINSON STORES, Inc.**

United States District Court
S. D. New York.

April 12, 1954.

Cahill, Gordon, Reindel & Ohl, New York City, for plaintiff, Sheldon Oliensis, New York City, of counsel.

Roosevelt, Freidin & Littauer, New York City, for defendant, Sidney A. Diamond, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

In this action brought by Revere Copper and Brass Incorporated, pursuant to the provisions of the New Jersey Revised Statutes, 56:4-3 et seq., as amended, V.A.M.S. commonly known as the New Jersey Fair Trade Act, the plaintiff is seeking to enjoin temporarily the defendant from selling plaintiff's products at less than the legally established prices.

The affidavits establish that Revere manufactures a line of kitchen utensils and markets these through distributors to retail dealers, who in turn sell them to the public; in some instances the plaintiff also makes direct sales to the retail dealers. These utensils are sold under the trade name "Revere Ware".

Revere has entered into agreements with dealers and distributors throughout New Jersey, under which Revere has established minimum retail resale prices.

The affidavit of C. P. Drake, submitted in behalf of plaintiff's motion, establishes quite conclusively that the defendant has repeatedly received formal notice that Revere has entered into resale price agreements in New Jersey, establishing and prescribing minimum prices for resale of Revere products. The defendant was requested to discontinue the sale of Revere products below the legally established prices.

■ The affidavit in opposition, subscribed to by the attorney for the defendant, raises the contention that the plaintiff has acquiesced in price cutting and hence should be deprived of the requested relief. However, apart from this assertion the defendant has not denied a single allegation of Revere. Defendant's charge of acquiescence is based upon the allegation in the attorney's affidavit in opposition to this motion to the effect "that the defendant has evidence only of two 'club plans' which deal in the merchandise of this plaintiff." P. 3 Diamond affidavit. However the same affidavit (p. 6) states: "The extent of the plaintiff's participation in the 'club plan' method of merchandise distribution is, by the nature of things, not known to the defendant in detail."[1] To this charge Revere replies by affidavit that it does not sell and never has sold any of its products to any "club plans", specifically including the two mentioned in defendant's papers.

■ The assertion has been made in the defendant's papers that in several "club plan" cases preliminary injunctive relief was denied because it had appeared that the plaintiff in those cases was selling direct to "club plans". It was contended in those cases that direct selling to known price violators constituted "acquiescence" and barred the granting of injunctive relief. In the four instances cited by the defendant, as precedents for denial of injunctive relief, it appears that in not one case did the plaintiff deny selling direct to the "club plans".[2] Moreover, the defendant has not referred this Court to any New Jersey holding in support of its contention, and New Jersey law would govern the instant action. In any event, it is quite clear from the papers, that the instant plaintiff did not sell to any "club plans".

■ Assuming that the defendant's defense to this motion may be considered as a contention that even though plaintiff failed to sell directly to price cutters, it failed to proceed against open price cutters, I am constrained nevertheless to hold that the defendant has failed on this score as well. The language of the court in Detecto Scales, Inc. v. Drake Home Appliances, Inc., 123 N.Y.L.J. 1645 (Sup.Ct.N.Y.Co. May 9, 1950) is particularly appropriate:

"This motion for a temporary injunction is granted. No denial is made of the sales under the minimum prices fixed in plaintiff's fair trade contracts. The attempted explanation that plaintiff is not enforcing its contracts against others is unavailing here. All offenders cannot be prosecuted at once."

Accord: Seagram-Distillers Corp. v. Ackerman, 2d Dept.1942, 263 App.Div. 1016, 33 N.Y.S.2d 937; General Electric

---

1. A "club plan" is defined in the affidavit of Sidney Diamond as "a well established type of retailing function, purchasing directly from manufacturers, operating primarily by mail, and selling below list or 'fair trade' prices either by means of merchandise dividends or by means of actual discounts."

2. Landers, Frary & Clark v. International Solgo, Inc., New York County, Index No. 4039–1953; Westinghouse Electric Corporation v. Charles Appliances, Inc. New York County, Index No. 12366–1953; Benrus Watch Company v. Braverman, New York County, Index No. 16196–1953; National Presto Industries, Inc. v. Masters, Inc., New York County, Index No. 2805–1954.

**260**

Co. v. Crown National Corp., 123 N.Y. L.J. 1509 (Sup.Ct.N.Y.Co. April 28, 1950); Ronson Art Metal Works, Inc. v. Rothman, Sup., 1949, 103 N.Y.S.2d 506.

It should be noted that no proof has been offered here that plaintiff had any knowledge of or condoned any of the violations alleged by the defendant. Indeed, it is asserted in the affidavit of C. P. Drake, dated April 2, 1954, and submitted in support of plaintiff's motion, that "Revere has never in any respect condoned or acquiesced in violations of its legally established prices. On the contrary, Revere's diligence and effectiveness in enforcing its legally established prices, have secured national recognition. Revere has been cited as one of four manufacturers that have 'shown the way' in Fair Trade enforcement. See Business Week, Nov. 7, 1953, p. 44. To the same effect, see Wall Street Journal, March 17, 1954."

A temporary injunction will issue enjoining the defendant from selling Revere products in New Jersey at less than legally established prices. Settle order.