64 N.J. Super. 39 (1960)
165 A.2d 310
THE UNITED STATES TIME CORPORATION, A CONNECTICUT CORPORATION, PLAINTIFF,
v.
THE GRAND UNION COMPANY, A DELAWARE CORPORATION, T/A GRAND WAY DISCOUNT CENTERS, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 16, 1960.
*42 Mr. Joseph M. Nolan, attorney for plaintiff (by Mr. Joseph H. Stamler, of counsel).
Messrs. Riker, Danzig, Marsh & Scherer, attorneys for defendant (Mr. Everett M. Scherer, appearing).
COLLESTER, J.S.C.
The plaintiff, The United States Time Corporation, a corporation of the State of Connecticut, seeks an interlocutory injunction restraining the defendant, The Grand Union Company, a corporation of the State of Delaware, trading as Grand Way Discount Centers, from selling, advertising for sale and offering for sale products of the plaintiff at less than the prices fixed by the plaintiff pursuant to the New Jersey Fair Trade Act, N.J.S.A. 56:4-3 et seq.
The verified complaint and affidavits show that plaintiff is engaged in the manufacture and distribution of watches and related products which are sold throughout New Jersey and elsewhere in the United States bearing the trademarks "Timex" and "Ingersoll."
The evidence shows that the plaintiff has entered into resale price maintenance agreements with retailers located in New Jersey under the terms of which the retailers agree to maintain established minimum resale prices which are specified and established by the plaintiff. The before mentioned contracts with New Jersey retailers were subject to acceptance at the home office of the plaintiff in Waterbury, Connecticut.
*43 The defendant corporation operates retail stores in New Jersey under the name of Grand Way Discount Centers including one located on Route 17 in Paramus, New Jersey, and another located on Route 18 in East Brunswick, New Jersey. The defendant did not enter into an agreement with the plaintiff to maintain minimum resale prices of plaintiff's products, although it does offer such products for sale to its customers.
The evidence shows that on or about August 30, 1960 the plaintiff's attorney wrote to the defendant advising that he had received reports of price cutting of the plaintiff's products and demanding that defendant comply with the plaintiff's established minimum resale price schedules. On September 8, 1960 plaintiff's attorney again wrote the defendant advising that plaintiff would enforce compliance with its established minimum fair trade prices for its products and enclosing a schedule of such prices. The last letter further advised defendant that plaintiff's shoppers had reported that defendant was offering plaintiff's products at prices lower than the established minimum prices at its stores in East Brunswick and Paramus.
The evidence further shows that on September 17, 1960 one of plaintiff's employees purchased Timex wrist watches at both of said stores at prices lower than plaintiff's established minimum prices.
The defendant does not deny that it has sold plaintiff's products at prices below plaintiff's established minimum prices.
In opposition to plaintiff's motion for an interlocutory injunction defendant has filed affidavits by three of its employees showing that on November 9, 1960 these employees purchased Timex watches manufactured by the plaintiff for less than the established minimum prices at Modell's Shoppers World, Route 17 in Lodi, New Jersey; at Great Eastern Mills, Route 17, Paramus, New Jersey; at Great Eastern Mills, Route 46, Little Falls, New Jersey, and at Davega Discount Center, Route 22, Springfield, New Jersey.
*44 The defendant contends that plaintiff's application for interlocutory injunctive relief should be denied because (1) plaintiff is a foreign corporation not authorized to do business in New Jersey and is barred from maintaining this action under R.S. 14:15-4, and (2) because plaintiff has permitted the violation of its fair trade contracts in New Jersey and therefore has abandoned its minimum price requirements.

I.
The plaintiff admits that it is a Connecticut corporation and that it has not complied with the requirements of R.S. 14:15-3 by filing a copy of its certificate of incorporation and a statement containing information required by the statute with the Secretary of State, and that accordingly it has not obtained a certificate authorizing it to do business in this State. It contends that it is unnecessary to do so because it does not and has not transacted business in the State of New Jersey. It contends that it is not barred from maintaining the present action in this court.
Evidence has been presented by the plaintiff in support of its contention which may be summarized as follows:
Plaintiff has no office or telephone listings in this State; it holds no real property, leases no real property and occupies no premises in New Jersey. It employs two salesmen, one of whom calls on 28 accounts in northern New Jersey, and the other contacts two accounts in southern New Jersey. Neither salesman resides in this State and they work under the direct supervision of plaintiff's sales office located in New York City. Of the accounts mentioned 27 are wholesale distributors. Orders taken by the two salesmen contain a condition that they are subject to acceptance at the plaintiff's home office in Middlebury, Connecticut, and that the contract of sale shall be construed and governed by the laws of the State of Connecticut. The New Jersey sales represent approximately 2% of the total volume of business conducted by the plaintiff in the United States.
*45 The evidence further shows that no taxes, employment or otherwise, are due or paid to the State of New Jersey.
The defendant contends that the plaintiff, a foreign corporation, has no right to take advantage of a statutory remedy provided by the Fair Trade Act and relies in this contention upon Eli Lilly & Co. v. Sav-On Drugs, Inc., 57 N.J. Super. 291 (Ch. Div. 1959); affirmed by the Supreme Court for the reasons expressed by the trial court at 31 N.J. 591 (1960).
In Lilly, the plaintiff, an Indiana corporation not authorized to transact business in New Jersey filed suit to compel the defendant to comply with minimum prices fixed for resale of plaintiff's products in accordance with the Fair Trade Act. The plaintiff sought an interlocutory injunction while defendant moved to strike the complaint and for summary judgment on the ground that plaintiff was transacting business in New Jersey contrary to R.S. 14:15-3 and, being a foreign corporation, was precluded from bringing the action under R.S. 14:15-4. In the Lilly case, as in the present case, the defendant was non-signer of the fair trade contract.
The facts before the court in the Lilly case showed that the plaintiff maintained an office at Newark, New Jersey, with its corporate name listed on the door and lobby registry; that it was listed in the Newark telephone directory, both in the regular section and in the classified section under "Pharmaceutical Products"; that the lessor of the office space was a district manager employed by the plaintiff in charge of its marketing division for Newark, who was reimbursed for expenses for maintenance and operation of the office by the plaintiff; that an office employee and 18 "detail men" were salaried employees of the plaintiff; that the detail men performed promotional and informational work for the plaintiff. The evidence showed that on occasion they would receive orders for plaintiff's products for transmittal to a wholesaler, but that all fair trade contracts and orders for products were subject to acceptance in Indiana. Based *46 upon the foregoing facts, the court determined that the plaintiff was transacting business in New Jersey and held that a corporation "thus acting" within this State should not be permitted to take advantage of the laws of this State which promote its business, such as the Fair Trade Act, without complying with the regulatory provisions of the Corporation Act. The court denied plaintiff's suit for an interlocutory injunction and granted defendant's motion for a summary judgment dismissing the complaint.
It is obvious that the evidence before the court in Lilly is not present before the court in the case sub judice.
Here the plaintiff brings its action under the provisions of the Fair Trade Act (N.J.S.A. 56:4-6) as the manufacturer of the goods bearing its trademark, having entered into fair trade contracts with New Jersey retailers  such contracts having been entered into in the State of Connecticut. There is no evidence that plaintiff is or has been transacting business in the State of New Jersey. In Lilly the court stated at page 299 of 57 N.J. Super.:
"The New Jersey Corporation Act does not define `transacting any business' in this State. Our Supreme Court, in A & M Trading Corporation v. Pennsylvania R. Co., 13 N.J. 516 (1953), quoting with approval from Yedwab v. M.A. Richards Corporation, 137 N.J.L. 448 (Sup. Ct. 1948), observed that doing business is a term that is not susceptible of precise definition automatically resolving every case, and that each case turns upon its own circumstances."
I am of the opinion that the evidence before this court is governed by the decisions rendered in Federal Schools, Inc. v. Sidden, 14 N.J. Misc. 892 (Sup. Ct. 1936) and cases cited therein, and Manhattan Overseas Co. v. Camden Co. Bev. Co., 125 N.J.L. 239 (Sup. Ct. 1940). I find that the plaintiff, a foreign corporation, was not transacting business in New Jersey and hence was not required to comply with the regulatory provisions of our Corporation Act (R.S. 14:15-3, 4) in order to bring the present action.
Nor do I conclude upon a careful review of the Lilly case, supra, that it holds a foreign corporation, not transacting *47 business in New Jersey, must comply with the provisions of our Corporation Act before it can bring an action in our courts to compel compliance by a non-signing retailer with the provisions of a fair trade contract under the New Jersey statute N.J.S.A. 56:4-6.

II.
The next issue is whether or not the evidence shows an abandonment of the minimum price requirements of their fair trade contracts.
The evidence presented by defendant consists of affidavits by several of its employees that they purchased five Timex watches at cut prices in four stores on November 9, 1960.
The affidavit of Joseph M. Nolan, attorney for the plaintiff, shows that he has periodically caused shoppings to be made within the State, and whenever it was disclosed that plaintiff's products were offered for sale at less than the minimum fixed price, he took steps to stop it by communications by telephone and letter; that in one instance he was required to institute suit resulting in injunctive relief.
The Fair Trade Act carries with it the fundamental equitable concept that he who seeks equity must do equity; thus, when the manufacturer or producer seeks the benefit of the act, he should be given relief in equity only in case he has acted fairly toward all others affected by the contract. He must refrain from causing any unjust discrimination among the retail dealers, and in addition must exercise reasonable diligence to see that his products are not sold to a retailer who cuts prices after the producer has notice of such violation and he may be required to resort to legal action if necessary. 163 A.L.R. 890; see Frank Fischer Merchandising Corp. v. Ritz Drug Co., 129 N.J. Eq. 105 (Ch. 1941).
A producer will be denied relief in equity when he waives his rights by permitting or tolerating the practice of price-cutting by retailers. Calvert Distillers Corp. v. *48 Stockman, 26 F. Supp. 73 (D.C.E.D.N.Y. 1939); Calvert Distilling Co. v. Gold's Drug Stores, 123 N.J. Eq. 458 (Ch. 1938).
However, no evidence has been presented to this court to show that the plaintiff knowingly permitted violation of its fixed retail prices, or that plaintiff did not use reasonable diligence to see to it that none of its products were sold to a retailer who cut prices after having been notified of a violation of a fair trade contract. See Calvert Distilling Co. v. Gold's Drug Stores, supra.
No evidence has been presented to show that price-cutting was general and long continued.
The only evidence presented shows violations by four retail stores on November 9, 1960 (the day before the hearing in this matter), when such violations were called to plaintiff's attention. There is no evidence that plaintiff has not or does not intend to do something about these violations, either by cutting off their supplies or instituting legal action.
The plaintiff is not required to commence all suits simultaneously. Calvert Distilling Co. v. Gold's Drug Stores, supra; Revere Copper & Brass, Inc. v. Grayson-Robinson Stores, Inc., 120 F. Supp. 258 (D.C.S.D.N.Y. 1954); Emerson Radio & Phon. Corp. v. Standard Appliances, 201 Misc. 821, 112 N.Y.S.2d 615 (Sup. Ct. 1951). Furthermore, since the act requires that a violation must be willfully and knowingly made before injunctive relief can be obtained, it does not appear that plaintiff has had a reasonable time within which to take steps against the violators named in defendant's affidavits, either by causing the discontinuance of further sales to them or by giving them notice of their violation of plaintiff's rights under the Fair Trade Act. See Calvert Distilling Co. v. Gold's Drug Stores, supra, 123 N.J. Eq., at p. 461.
I am satisfied from the evidence that the plaintiff has not acquiesced in price-cutting, has not abandoned its minimum price structure, and has not waived its rights granted to it under the act.

*49 III.
The intent of the Fair Trade Act is to protect the owner of trade-marked goods, or the distributor, who has built up a good will for the product, after a great cost, from injurious practices. Lionel Corp. v. Grayson-Robinson Stores, 27 N.J. Super. 54 (Ch. Div. 1953), reversed on other grounds, 15 N.J. 191 (1954); Pazen v. Silver Rod Stores, 130 N.J. Eq. 407 (E. & A. 1941); Frank Fischer Merchandising Corp. v. Ritz Drug Co., 129 N.J. Eq. 105 (Ch. 1941); Johnson & Johnson v. Weissbard, 121 N.J. Eq. 585 (E. & A. 1937). In Frank Fischer Merchandising Corp. v. Ritz Drug Co., supra, the court, quoting from Calvert Distillers Corp. v. Nussbaum Liquor Stores, 166 Misc. 342, 2 N.Y.S.2d 320, 325 (Sup. Ct. 1938), said:
"The statute should be construed to effectuate its complete purpose, which is not alone to protect the owners of brands, but also to protect the retailer and the consuming public as well."
The uncontroverted evidence before this court shows that the defendant willfully and knowingly offered for sale and sold plaintiff's watches at less than the price stipulated in plaintiff's fair trade contracts in New Jersey.
While the defendant is a non-signer of a fair trade contract with the plaintiff, it must maintain plaintiff's minimum price structure, Lionel Corp. v. Grayson-Robinson Stores, 15 N.J. 191 (1954), appeal denied 348 U.S. 859, 75 S.Ct. 87, 99 L.Ed. 677 (1954), and injunctive relief against the defendant may be granted under the statute, N.J.S.A. 56:4-6.
In Sunbeam Corp. v. Windsor-Fifth Ave., 14 N.J. 222, 233 (1953), the court stated:
"The object of a preliminary injunction is to prevent some threatening, irreparable mischief which should be averted pending a full and deliberate investigation of the case, and acts which destroy a complainant's business, custom and profits are in this category and authorize the issue of a preliminary injunction. Evening Times Printing *50 & Publishing Co. v. American Newspaper Guild, 124 N.J. Eq. 71, 74 (E. & A. 1938). The laws relating to unfair competition are based upon this underlying philosophy, and the New Jersey Fair Trade Act has been enforced on this premise. See Bristol-Myers Co. v. L. Bamberger & Co., 122 N.J. Eq. 559, 560, 562 (Ch. 1937), affirmed 124 N.J. Eq. 235 (E. & A. 1938)."
It is obvious to this court that to permit the defendant to continue to sell plaintiff's products at cut-rate prices may well have a chaotic effect upon retailers in New Jersey. Many undoubtedly will conclude that they have a green light to cut prices of plaintiff's products and a price-cutting war may well result. In such an event the plaintiff may suffer irreparable injury, not adequately compensable in damages. Such a situation is a well recognized ground for equitable intervention by preliminary injunction. Sunbeam Corp. v. Windsor-Fifth Ave., supra; Ferraiuolo v. Manno, 1 N.J. 105 (1948).
Here the defendant will not sustain injury by the granting of an interlocutory injunction while the plaintiff unquestionably will suffer irreparable damage if injunctive relief is denied. Here, certainly, the status quo should be maintained until the question of right between the parties can be decided on a final hearing.
Accordingly, it is the decision of this court that an interlocutory injunctive order shall issue restraining the defendant, its officers, agents, servants and employees from selling, advertising for sale and offering for sale products of the plaintiff at less than the prices fixed by the plaintiff pursuant to the provisions of the New Jersey Fair Trade Act.