109 N.J. Super. 271 (1970)
263 A.2d 146
R.H. GOVAN, PLAINTIFF-RESPONDENT,
v.
TRADE BANK & TRUST CO., AS ADMINISTRATOR OF THE ESTATE OF WILLIAM HONG, ALSO KNOWN AS HONG SOOK, DECEASED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 2, 1970.
Decided March 17, 1970.
*273 Before Judges GOLDMANN, LEWIS and MATTHEWS
Mr. Irving Siegler argued the cause for appellant (Messrs. Siegler & Siegler, attorneys).
Mr. Robert J. Maloof argued the cause for respondent (Messrs. Hein, Smith, Mooney & Berezin, attorneys; Mr. Seymour A. Smith, of counsel).
PER CURIAM.
Defendant, administrator of the estate of William Hong, appeals from (1) a judgment of the Law Division in favor of plaintiff in an action to recover the proceeds of a promissory note, made by decedent, in the amount of $25,000, with interest from the date of its making, February 7, 1961, and (2) an interlocutory order denying its motion to dismiss the complaint and/or vacate the service of process. Defendant was served by registered mail pursuant to R.R. 4:4-4(j) [now R. 4:4-4(e)].
Plaintiff, a longtime resident of New Jersey with substantial business interests still in this State, was a close friend of decedent, a New York resident. Sometime after plaintiff had retired to South Carolina, decedent telephoned him to discuss the prospects of a $25,000 loan for the purpose of financing a restaurant venture. On plaintiff's next visit to New Jersey the two parties met in the business office of plaintiff's brother in Hoboken to discuss the loan and negotiate the final arrangements. After talking by telephone to his wife, plaintiff notified his brother (who was his partner) to advance the funds upon decedent's request.
On February 7, 1961 decedent came to the brother's Hoboken office to pick up the money. Plaintiff's brother, acting for plaintiff, drew a check for $25,000 from a joint account, *274 and decedent then signed a demand promissory note. Decedent died during February 1967 without having paid any interest or principal on the note.
Plaintiff instituted this action in October 1967 against decedent's estate for repayment of the loan. Prior to filing an answer defendant moved to dismiss the complaint and vacate the process on the grounds that the court lacked jurisdiction over it and over the subject matter, and that the action was barred by the six-year statute of limitations. Both motions were denied. The matter was thereafter pretried and tried, resulting in judgment for the plaintiff.
On this appeal defendant contends that (1) the trial judge erred in denying its motion to set aside process on the ground of lack of personal jurisdiction; (2) the action was barred by the statute of limitations, and (3) the evidence was insufficient to establish consideration for the note.
Since the decision of the Supreme Court of the United States in International Shoe v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), courts have embarked on a general trend of expanding the contours of traditional concepts of judicial jurisdictional power. Concededly, this trend has been less sweeping in the area of commercial contracts than in torts. The general standard of due process set forth in International Shoe rests on a determination as to whether there exists such "minimum contracts" between defendant and the forum as not to offend the "traditional notions of fair play and substantial justice." 326 U.S., at 316, 66 S.Ct., at 158. In the area of contracts it has been held "sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State." McGee v. International Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). It has also been said to be "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S. *275 Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). See also, Higgins v. American Society of Clinical Pathologists, 94 N.J. Super. 243, 248-249 (App. Div. 1967), rev'd on other grounds, 51 N.J. 191 (1968). In Higgins this court, in examining the extra-territorial power of courts, adopted three basic criteria for the just exercise of such jurisdiction: (1) defendant must have done some act or consummated some transaction within the forum; (2) the cause of action must have arisen out of defendant's activities within the forum, and (3) a general standard of consonance with "fair play" and "substantial justice," which is somewhat akin to the tests for the application of the doctrine of forum non conveniens.
Applying the standards just mentioned, it is readily apparent to us that the facts in this case support jurisdiction of our courts over defendant. This action, although involving two nonresidents, is based upon a promissory note, negotiated, executed and payable at a bank within this jurisdiction. Indeed, this State is in fact the only state that has any substantial connections with the disputed transaction. Compare DeLear v. Rozel Packing Corp., 95 N.J. Super. 344 (App. Div. 1967).
N.J.S.A. 2A:14-1 establishes a general six-year statute of limitations for actions on a promissory note. Defendant argues that since an action on a demand note accrues from the date of delivery of the instrument, De Raismes v. De Raismes, 70 N.J. Law 15, 18-19 (Sup. Ct. 1903), aff'd 71 N.J. Law 680 (E. & A. 1905), and Denville Amusement Co., Inc. v. Fogelson, 84 N.J. Super. 164, 169 (App. Div. 1964), the instant action is out of time and barred.
However, N.J.S.A. 2A:14-22 provides, in part:
If any person against whom there is any of the causes of action specified in sections 2A:14-1 to 2A:14-5 and 2A:14-8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited *276 in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this state or such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or non-representation. [Emphasis added]
The clear intent of the provisions of the tolling statute is that they operate in favor of New Jersey residents or of plaintiffs whose causes of action accrue in this State. Beardsley v. Southmayd, 15 N.J. Law 171, 177-178 (Sup. Ct. 1835); Zwillenberg v. Post, 293 F.2d 199, 200 (3 Cir.1961); Marsh v. Davis, 99 N.J. Super. 130, 135 (Law Div. 1968). It is the place of accrual of the cause of action which is determinative in order that the tolling statute be invoked. Under the facts of this case it is clear that plaintiff is entitled to the benefit of these tolling provisions. The cause of action on a demand note, the type of note involved here, arises immediately upon its execution and delivery. Agens v. Agens, 50 N.J. Eq. 566, 568 (Ch. 1892). Clearly, plaintiff's cause of action against decedent accrued in this State on February 7, 1961.
Defendant finally contends that the evidence adduced at trial was insufficient as a matter of law to support a finding of payment of consideration to decedent.
At trial plaintiff and his brother testified as to the background, negotiation and execution of the note. The signed note was introduced into evidence. However, plaintiff was unable to produce the original cancelled check, cashed by and paid to decedent, because, it was explained, decedent had himself borrowed the instrument in order to convince the New York liquor authorities of the source of his financing; *277 the check was never returned. A photostat of the cancelled check was introduced and attested to by a member of the payor bank's accounting department, but only the facing side had been photographed, and so no endorsement was evident. (This defect has been corrected in defendant's appendix.) Defendant contends that oral testimony and circumstantial evidence of payment of consideration were so improbable as to properly be rejected by the finder of fact, citing In re Perrone's Estate, 5 N.J. 514 (1950).
However, R.S. 7:2-24 (substantially similar to the superseding N.J.S.A. 12A:3-307(2)) provided: "Every negotiable instrument is deemed prima facie to be issued for a valuable consideration; and every person whose signature appears thereon to have become a party for value." See Trustees System Co. of Newark v. Lisena, 106 N.J. Law 549 (E. & A. 1930); Federal Deposit Ins. Corp. v. Miller, 130 N.J. Law 626, 628 (E. & A. 1943); cf. Clayton v. Clayton, 125 N.J. Law 537 (Sup. Ct. 1937), aff'd o.b. 127 N.J.L. 605 (E. & A. 1942); In re Broderson's Estate, 112 N.J. Eq. 532, 536 (Prerog. Ct. 1933).
The burden of proof was clearly on defendant to show affirmatively lack of consideration, rather than on plaintiff to prove its existence. R.S. 7:2-28 (substantially similar to superseding N.J.S.A. 12A:3-408) provided that "Absence or failure of consideration is a matter of defense as against any person not a holder in due course." See also, First National Bank of Philadelphia v. Stoneley, 111 N.J. Law 519, 523 (E. & A. 1933); Appelget v. Van Hise, 44 N.J. Super. 507 (Ch. Div. 1957). Thus, in addition to plaintiffs's proofs, the statutory presumption ran in his favor and the burden was on defendant to rebut it.
Our review of the record leads us to conclude that the trial judge's finding of fact as to the payment of consideration was based on sufficient credible evidence. State v. Johnson, 42 N.J. 146, 162 (1964).
Affirmed.