127 N.J. Super. 394 (1974)
317 A.2d 426
KAROL LACKOVIC AND LEOPOLDINA LACKOVIC, HIS WIFE, PLAINTIFFS,
v.
NEW ENGLAND PAPER TUBE CO., INC. AND D.F. DUBOIS, DEFENDANTS. KAROL LACKOVIC AND LEOPOLDINA LACKOVIC, HIS WIFE, PLAINTIFFS,
v.
PETER VOGEL, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 19, 1974.
*395 Mr. Charles Rodgers argued the cause for the plaintiffs (Breslin & Breslin, attorneys).
Mr. Glenn T. Leonard argued the cause for the defendant, New England Paper Tube Co., Inc., (Mr. Samuel M. Lyon, Jr., attorney).
Mr. Richard J. Sauerwein argued the cause for the defendant, Peter Vogel.
LESTER, J.S.C.
This is a motion by the defendant New England Paper Tube Co., Inc., for summary judgment based upon the expiration of the two-year statute of limitations, N.J.S.A. 2A:14-2.
*396 On February 17, 1969 plaintiff Karol Lackovic was the operator of a motor vehicle involved in an accident in West New York, New Jersey, with a vehicle owned by defendant New England Paper Tube Co., Inc., and operated by defendant D.F. Dubois. On March 6, 1973, plaintiff Karol Lackovic brought an action for recovery of damages for personal injuries, and his wife Leopoldina brought an action per quod. Suit was recently instituted against their first attorney for malpractice and that suit has heretofore been consolidated with the action on the merits.
Plaintiffs are residents of New Jersey. New England Paper Tube Co., Inc., is a Rhode Island corporation not licensed to do business in New Jersey, and Dubois is a resident of North Smithfield, Rhode Island.
New England Paper Tube Co., Inc., contends that the two-year period in N.J.S.A. 2A:14-2 has expired and that the tolling provisions of N.J.S.A. 2A:14-22 are inapplicable. The questioned tolling statute, as amended, states:
If any person against whom there is any of the causes of action specified in sections 2A:14-1 to 2A:14-5 and 2A:14-8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this state or such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation.
New England Paper Tube Co., Inc.'s motion relies upon the case of Ferraro v. Ferro Trucking Co., 72 N.J. Super. *397 519 (Law Div. 1962). Ferraro held that where N.J.S.A. 39:7-2 designates the Director of Motor Vehicles as agent for the reception of process, a foreign corporation is represented within this State by a person upon whom summons or original process may be served. Therefore, the tolling provisions of N.J.S.A. 2A:14-22 should be inapplicable.
To the contrary is Whalen v. Young, 28 N.J. Super. 543 (Law Div. 1953), which held that a foreign corporation is not "represented" within the meaning of the statute merely because it is amenable to service through the Director of Motor Vehicles.
In Lemke v. Bailey, 41 N.J. 295 (1963), after discussing the legislative and judicial history, the Supreme Court stated that they would "express no opinion on the contradictory results of Whalen and Ferraro." Significantly, however, the court noted that "on at least two occasions the courts of this State have held directly, and once by way of dictum, that the tolling of the statute of limitations, as provided in N.J.S.A. 2A:14-22, is not affected by the fact that an individual nonresident defendant can be served under N.J.S.A. 39:7-2." 41 N.J. 295 at 298. In addition to Whalen, the court referred to Gotheiner v. Lenihan, 20 N.J. Misc. 119, 25 A.2d 430 (Sup. Ct. 1942), which similarly held that the two-year statute was tolled.
In Ferraro the court distinguished the holdings in Whalen and Gotheiner upon the basis that the latter opinions concerned an individual nonresident motorist, while Ferraro dealt with a nonresident corporate defendant. This is a distinction without a difference and is illogical. The reasoning of the court in Ferraro, if it were applicable, should and would be equally applicable to individual defendants as it would be to corporate defendants. Individuals are as amenable to service under N.J.S.A. 39:7-2 as are corporations. Plaintiff did, in fact, attempt to make service (after four years) upon defendant Dubois through the Director of Motor Vehicles. Pursuant to the statute, the Director sent a certified letter (No. 116208) to Dubois, which was returned by the *398 Post Office Department on April 24, 1973, with the notation "unclaimed". The unserved papers were returned to plaintiff's attorney.
New England and Dubois would ordinarily be represented by the same insurance company. No claim could be made on behalf of Dubois that plaintiff's action is barred by the statute of limitations. The wording of N.J.S.A. 2A:14-22 would not permit it. Even if such a claim had been made, precedent is to the contrary. In Marsh v. Davis, 99 N.J. Super. 130 (Law Div. 1968), Lemke was interpreted as stating that * * * the susceptibility to service through the Director does not make a nonresident defendant a resident within the meaning of N.J.S.A. 2A:14-22." In Lemke the Court exhaustively examined the legislative history of N.J.S.A. 2A:14-22. It notes significantly that in 1950 the Legislature refused to make the tolling statute inapplicable to nonresident motorists amenable to service through the Director of Motor Vehicles. 41 N.J. at 298. The construction of a statute by the courts, supported by long acquiescence on the part of the Legislature, or failure to amend the statute, is evidence that such construction is in accordance with the legislative intent. Barringer v. Miele, 6 N.J. 139, 144 (1951); Asbury Park Press v. Asbury Park, 19 N.J. 183, 190 (1955); Egan v. Erie R. Co., 29 N.J. 243, 250 (1959).
Statutory history and logical interpretation supports the view that plaintiff's cause of action should not be barred by N.J.S.A. 2A:14-2 and that N.J.S.A. 2A:14-22 is operative against the corporate defendant. "Trial court precedent is not to be considered lightly, but in the absence of an appellate authority in New Jersey, the court is not obliged to follow it." Ferraro v. Ferro Trucking, supra, 72 N.J. Super. at 523.
There is no logical reason to treat corporate and individual defendants in a different manner. Standards applicable to one are applicable to the other. Any departure from the weight of precedent is for the Legislature. Defendant New England's motion for summary judgment is denied.