**Susan COHN and Walter Cohn, her husband, Plaintiffs,**

**v.**

**G. D. SEARLE & COMPANY, Defendant.**

Civ. A. No. 74–450.

United States District Court, D. New Jersey.

March 22, 1978.

**904**

Walter R. Cohn, Newark, N. J., for plaintiffs.

Shanley & Fisher by Raymond M. Tierney, Jr., Robert L. Dughi, Newark, N. J., for defendant.

## OPINION

MEANOR, District Judge.

This matter comes before the court on defendant's motion for summary judgment. For reasons stated hereinafter, the issues presented by this motion will be treated in two stages. This first opinion is addressed to the question whether the defendant is entitled to the benefit of the statute of limitations. The resolution of the issue turns on the construction and application of the New Jersey tolling statute to a foreign unlicensed corporate defendant which, from the time of the occurrence of the injury alleged in the instant complaint, had no formal presence within New Jersey yet remained amenable to long-arm service.

If it is determined that the defendant has available to it the defense of the statute of limitations, then it will be necessary to decide whether the plaintiffs are entitled to . the "discovery" exception to strict application of the statute.

Plaintiffs Susan and Walter Cohn have brought this suit against G. D. Searle & Co. (hereinafter "Searle"), the manufacturer of the oral contraceptive Enovid, for personal injury and per quod damages allegedly resulting from Mrs. Cohn's use of the drug.

Mrs. Cohn commenced taking the contraceptive in the spring of 1963 and continued its use until December 22, 1964. On that date she suffered a stroke, or cerebral vascular accident (C.V.A.), when a blood clot lodged in the circulatory system of her brain. The C.V.A. required surgery, long hospitalization and rehabilitative therapy and resulted in permanent physical injury.

From the sparse information before me at this time it appears that in 1964 little or nothing was known about potential coagulant side effects of oral contraceptives. However, from at least 1966 the medical literature and the lay press increasingly reported work which suggested a relationship between oral contraceptives and abnormal blood clotting. Sometime between 1966 and late 1973 the Cohns became aware of the possible link between Mrs. Cohn's C.V.A. and ingestion of Enovid. They initiated suit against Searle on January 29, 1974. Their complaint, predicated on theories of negligence, breach of warranty, statutory violations and strict liability, was filed in the Superior Court of New Jersey, Law Division, Bergen County. Service was effected on Searle under the long-arm rule. On April 1, 1974 the case was removed to this court pursuant to 28 U.S.C. § 1441. Jurisdiction is vested under 28 U.S.C. § 1332.

At all times relevant to this action the plaintiffs have been residents of New Jersey. Searle is a Delaware corporation with its principal place of business in Illinois.

Prior to December 30, 1960 Searle was registered to do business in New Jersey, but on that date it formally withdrew from the state. However, from 1964 to 1974, the period between Mrs. Cohn's C.V.A. and the filing of the instant complaint, Searle retained in its employ some four dozen persons known as Medical Service Representatives or "detailmen" who worked and, in most cases, resided in New Jersey. The function of these detailmen was to call on physicians to discuss Searle's pharmaceutical products.

Searle moves for summary judgment on grounds that plaintiffs' cause of action is time-barred under the relevant two-year statute of limitations, N.J.S.A. 2A:14–2 (1952).[1] Searle acknowledges that plaintiffs may have some relief from the strict two-year limit under the New Jersey "discovery" rule. *Fernandi v. Strully,* 35 N.J. 434, 173 A.2d 277 (1961); *Lopez v. Swyer,* 62 N.J. 267, 300 A.2d 563 (1973). Nevertheless, Searle asserts that the Cohns had reason to know of the cause of action against Searle no later than 1970, and, therefore, their claims are precluded.

Plaintiffs respond that their action is timely because the causal relationship between contraceptives and clotting was not definitively demonstrated until late 1973, and that in any case the New Jersey tolling statute, N.J.S.A. 2A:14–22 (1952),[2] deprives Searle of the statute of limitations because Searle is a foreign corporation not

---

1. N.J.S.A. 2A:14–2 provides:

     Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued.

2. N.J.S.A. 2A:14–22 provides:

     If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 and 2A:14–8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this state or such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or non-representation.

represented within the state by "any person or officer" upon whom process could be served within the meaning of the tolling statute. Searle retorts that the tolling statute is inapplicable because Searle was effectively represented within the state by its detailmen, or alternatively, by virtue of the fact that from the date of the C.V.A. onward it was subject to New Jersey long-arm jurisdiction. Finally, if the tolling statute, as interpreted by the New Jersey courts, is deemed to apply to a foreign corporation amenable to long-arm service, Searle asserts that the statute as applied violates the equal protection and due process clauses of the United States Constitution. Thus, the questions presented by this motion are whether Searle is entitled to the benefit of the statute of limitations, and if so; whether the plaintiffs' action is timely upon application of the "discovery" rule even though the instant complaint was filed over nine years after the injury to Mrs. Cohn. I shall consider the statute of limitations issue here. Because I find Searle is entitled to a statute of limitations defense, I must reach the second question, but I leave it for another day.[3]

■ At the heart of the issue of whether Searle has a statute of limitations defense is the construction and application of the tolling statute. N.J.S.A. 2A:14–22 provides in relevant part:

> If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 and 2A:14–8 . . . is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or *if any corporation . . . not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person . . . is not residing* within this state or *such corporation . . . is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by the section.* The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation.

(Emphasis supplied.) The statute exempts from its effect foreign corporations represented in the state by "any person or officer" upon whom process may be served.

It is undisputed that Searle has had no statutory or appointed agent in New Jersey at any time from the date of Mrs. Cohn's C.V.A. Nevertheless, Searle first argues that it is within the foreign corporation exception because it was represented by detailmen who are "persons or officers" within the meaning of the tolling statute. The rules pertaining to service on foreign corporations from the date of Mrs. Cohn's injuries are R.R. 4:4–4(d) (effective Sept. 3, 1958) and its successor R. 4:4–4(c)(1) (effective Sept. 8, 1969) (current version). Searle notes that under these rules jurisdiction may be obtained over a foreign corporation "by serving . . . any servant of the

---

**3.** The parties are still negotiating over the terms of a submission, if necessary, on the discovery issue. In the New Jersey courts resolution of that issue would take place without a jury, *Lopez v. Swyer, supra,* but here jury trial exists as a matter of right. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566 (3d Cir. 1976). I understand that the parties are willing to submit the discovery question to me on the existing written record without an evidentiary hearing and, of course, without jury trial. I am willing to accept it on that basis. However, I am informed that the defendant seeks to exact from the plaintiffs an agreement that any facts found as a result of such a submission of the issue be reviewed on appeal by the "clearly erroneous" standard of Rule 52(a), F.R.Civ.P., rather than to permit the Court of Appeals to review such fact determinations without the constraints of the clearly erroneous standard. *See Government of Virgin Islands v. Gereau,* 523 F.2d 140, 145–146 (3d Cir. 1975).

corporation within this State acting in the discharge of his duties." Searle argues that the tolling statute must be construed to be consistent with the service rules during the time period relevant to this action, and since personal jurisdiction could have been obtained over Searle by serving a detailman in the discharge of his duties, representation by detailmen during the period was sufficient to stay the tolling of the statute of limitations.

Searle's argument is not persuasive for two reasons. First, Searle's proposed construction of the foreign corporation exception to the tolling statute is inconsistent with the manifest purpose of the statute itself. That enactment was intended to protect plaintiffs in New Jersey courts[4] by preserving their causes of action where service could not be had upon a defendant on account of absence from the state. *Lemke v. Bailey*, 41 N.J. 295, 303, 196 A.2d 523 (1963) (Schettino, J., dissenting); *Ferraro v. Ferro Trucking Co.*, 72 N.J.Super. 519, 524, 179 A.2d 74 (Law Div. 1962). Searle's detailmen operated out of their homes because Searle had no office within this state. They reported to Searle's office in Skokie, Illinois. Their function was to talk to New Jersey doctors about Searle's products to advertise them and generate good will for the company. Searle does not assert that they had any power to make contracts or place orders. Thus, the detailmen had minimal association with Searle in the public eye and had very limited authority to act on behalf of the company. It is inconceivable, in light of the purpose of the tolling statute, that the legislature intended to give the benefit of the statute of limitations to a foreign corporate defendant whose only representation within the state was by employees so invisible as these.

The second reason that Searle's rationale is not convincing is that it incorporates into the tolling statute changes in the law which were made after the act's passage. Narrowly drawn statutory language must be interpreted from the intent of the legislature in light of circumstances at the time of enactment. 2A *Sutherland*, Statutory Construction § 49.02 (4th Ed. 1973). "A new meaning may not be given the words of an old statute in consequence of changed conditions probably not foreseen by the Legislature." *Fidelity & Deposit Co. of Maryland v. Abagnale*, 97 N.J.Super. 132, 143–44, 234 A.2d 511, 518 (Law Div. 1967). The present tolling statute has its origins in an enactment of the Council and General Assembly of New Jersey on February 21, 1820. The foreign corporations exception was added by amendment in 1949.[5] The only legislative history relating to the 1949 amendment is the introduction statement of the bill's sponsor, Assemblyman Mackey, which provides:

> Foreign corporations licensed to do business in New Jersey are now deprived by judicial construction of the benefit of the Statute of Limitations. The purpose of this bill is to correct that situation. New York State found it necessary to make a similar change in its laws in view of recent court decisions.

The import of this statement of legislative purpose is far from unambiguous, but it sheds some illumination on the phrase "any person or officer" as used in the tolling statute.

An understanding of Mackey's introductory statement requires an analysis of the New York law to which it refers. In 1949 New York's tolling statute was C.P.A. § 19, which had most recently been amended in 1943. Before 1943, § 19 had included an

---

4. The courts of New Jersey have found that the tolling statute operates to the benefit of residents and nonresident plaintiffs whose causes of action have accrued within the state. *Govan v. Trade Bank & Trust Co.*, 109 N.J.Super. 271, 263 A.2d 146 (App.Div.1970); *Marsh v. Davis*, 99 N.J.Super. 130, 238 A.2d 709 (Law Div. 1968). However, in a subsequent opinion which failed to mention *Govan* the Third Circuit has held that the tolling statute protects only New Jersey residents. *Zelson v. Thomforde*, 428 F.2d 1360 (3d Cir. 1970).

5. Act of May 18, 1949, 1949 N.J.Laws, ch. 125 (amending N.J.R.S. 2:24–7 (1937); current version at N.J.S.A. 2A:14–22).

exception [6] from the tolling statute for persons or corporations with a designated agent for the service of process and foreign corporations with officers who might be served. The 1943 amendment [7] to § 19 enlarged the exception to include persons or corporations with agents for service of process designated by statute or appointment and foreign · corporations with "officers or other persons" who might be served. The revision notes appended to the amendment indicate that the foreign corporation exception was broadened to include persons besides officers who were servable pursuant to C.P.A. § 229. At that time, C.P.A. § 229,[8] governing service on nonresidents engaging in business in New York State, permitted service on the person in charge of any business in which the defendant was engaged within the state.

Interpreting the language of the 1943 amendment to C.P.A. § 19 in light of C.P.A. § 229, it appears that at most the amendment broadened New York's foreign corporation exemption to include companies represented within the state by statutory or appointed agents, officers or business managers. Since the New Jersey Legislature intended in 1949 to adopt a tolling exemption similar to New York's, the New Jersey Legislature could not have intended that an employee with no managerial authority, such as a detailman, could be a representative sufficient to bring a foreign corporation out of the tolling statute.[9]

This conclusion is strengthened by reference to the law in New Jersey regarding service on foreign corporations at the time of enactment of the New Jersey foreign corporation exemption. In 1948, a year be-

**6.** Before 1943 C.P.A. § 19 provided in pertinent part:

But this section does not apply while a designation made in pursuance of law of a resident of the state on whom a summons may be served for another person or corporation remains in force. Nor does this section apply while a foreign corporation has had or shall have one or more officers in the state on whom a summons for such corporation may be served.

N.Y.C.P.A. § 19 (1920), *as amended by* Act of Apr. 5, 1928, 1928 N.Y.Laws, ch. 809 (current version at N.Y.Civ.Prac.Law (McKinney) § 207 (1972)).

**7.** The amendment provided in pertinent part:

But this section does not apply in either ·of the following cases:

1. while a designation or appointment, voluntary or involuntary, made in pursuance of law, of a resident or nonresident person, corporation, or private or public officer on whom a summons may be served within the state for another resident or nonresident person or corporation with the same legal force and validity as if served personally on such person or corporation within the state, remains in force.

2. while a foreign corporation has had or shall have one or more officers or other persons in the state on whom a summons for such corporation may be served.

Act of Apr. 3, 1943, 1943 N.Y.Laws, ch. 263.

**8.** C.P.A. § 229 at that time provided in pertinent part:

When any natural person or persons not residing in this state shall engage in business in this state, in any action against such person or persons arising out of such business,

the summons may be served by leaving a copy thereof with the complaint with the person who, at the time of service, is in charge of any business in which the defendant or defendants are engaged within this state . . ..

Act of Apr. 15, 1941, 1941 N.Y.Laws, ch. 455, *amending* N.Y.C.P.A. § 229 (1920) (repealed 1962).

**9.** Mackey's introductory statement to the 1949 amendment to the New Jersey tolling statute indicated that New York had amended its tolling statute in a similar fashion in response to recent court decisions. Research has disclosed no significant cases prior to 1943 regarding persons through whom a foreign corporation might be served. However, section 1 of the 1943 amendment to C.P.A. § 19, n. 5 *supra*, was adopted specifically to alter the rule of *Maguire v. Yellow Taxicab Corp.,* 253 A.D. 249, 1 N.Y. S.2d 749, *rehearing denied,* 253 A.D. 890, 2 N.Y.S.2d 1021, *aff'd mem.,* 278 N.Y. 576, 16 N.E.2d 110 (1938), which held that amenability to process through the Director of Motor Vehicles did not exempt a nonresident defendant from the tolling statute. These facts suggest that the New Jersey Legislature may well have intended that representation by a statutory agent within the state would be sufficient to satisfy the tolling statute's foreign corporation exemption. *See Ferraro v. Ferro Trucking Co.,* 72 N.J.Super. 519, 179 A.2d 74 (Law Div. 1962). *But see Whalen v. Young,* 28 N.J.Super. 543, 101 A.2d 64 (Law Div. 1953), *reversed on other grounds,* 15 N.J. 321, 104 A.2d 678 (1954); *Lackovic v. New England Paper Tube Co., Inc.,* 127 N.J.Super. 394, 317 A.2d 426 (Law Div. 1974). *Cf. Lemke v. Bailey, supra.*

fore the tolling statute amendment, the legislature amended N.J.R.S. 2:26–43 and 44 [10] providing for service on corporations. Those amendments permitted acquisition of personal jurisdiction over foreign corporations by service on an officer, director, trustee, managing or general agent or agent by appointment or by law for the service of process. A detailman with minimal agency powers could not be considered a managing or general agent, nor any other individual within the statutory list. Since in 1949 personal jurisdiction over a foreign corporation could not have been obtained by serving a detailman, the legislature could not have intended an exemption from the tolling provision for an entity represented by such an employee. Searle urges that N.J. S.A. 2A:14–22 be interpreted as consistent with the rule regarding service of process at the time of plaintiff's injury. Such an approach would be inappropriate, however, since the reach of service was substantially expanded in 1953, *Wright v. News Syndicate Co., Inc.,* 35 N.J.Super. 133, 135, 113 A.2d 215 (Law Div. 1955), a change which the legislature could not have anticipated in 1949.

Searle next takes the position that because Searle was at all times relevant to the instant complaint amenable to long-arm service,[11] it was represented within the state within the meaning of the tolling statute. The effect of amenability to long-arm jurisdiction on N.J.S.A. 2A:14–22 is a novel question heretofore not considered by the courts.

A number of courts have considered the construction of the New Jersey tolling provisions in light of a defendant's amenability to service through the Director of Motor Vehicles under the nonresident motorist statute, N.J.S.A. 39:7–2 (1973).[12] In the leading case, *Lemke v. Bailey, supra,* the New Jersey Supreme Court held that the tolling statute deprived a nonresident individual defendant of the benefit of the statute of limitations even though the defendant had been subject to service pursuant to N.J.S.A. 39:7–2. Searle argues that *Lemke* should not be considered controlling here because the Supreme Court specifically reserved the question of the effect of availability of substituted service upon a corporate defendant, and, in any case, there the court relied heavily on legislative acquiescence in, and plaintiffs' reliance on, prior

---

10. The 1948 amendment to N.J.R.S. 2:26–43 and 44 (1937) (repealed 1951) provided:

> 2:26–43. Domestic corporations in personal actions; personal or substituted service of summons.
>
> Service of a summons in a civil action commenced against a domestic corporation in any of the courts of this State may be made by delivering a copy thereof to an *officer, director, trustee or a managing or general agent of the corporation* personally, or by leaving a copy thereof at his dwelling house or usual place of abode with some competent member of his family of the age of fourteen years or over then residing therein, or by delivering a copy thereof to any person authorized by appointment or by law to receive service of process on behalf of the corporation, or by leaving a copy thereof at the registered office of the corporation with any person in charge thereof.
>
> 2:26–44. Foreign corporations.
>
> Service of a summons in a civil action commenced against a foreign corporation may be made in the same manner as is provided in section 2:26–43 of the Revised Statutes for service of summons upon a domestic corporation.

Act of Sept. 10, 1948, 1948 N.J.Laws, ch. 356.

11. New Jersey does not have a long-arm statute because under the New Jersey Constitution of 1947, the Supreme Court has exclusive rule-making power over practice, procedure and administration of the courts. *Winberry v. Salisbury,* 5 N.J. 240, 74 A.2d 406 (1950). From 1963 to 1974, long-arm service was available over Searle pursuant to the court rules. R.R. 4:4–4(d) (effective Sept. 3, 1958); R. 4:4–4(c)(1) (effective Sept. 8, 1969) (current version).

12. Holding that amenability to service through the Director of Motor Vehicles does not entitle a nonresident defendant to the benefit of the statute of limitations are *Gotheiner v. Lenihan,* 20 N.J.Misc. 119, 25 A.2d 430 (Sup.Ct.1942); *Whalen v. Young,* 28 N.J.Super. 543, 101 A.2d 64 (Law Div. 1953), *rev'd on other grounds,* 15 N.J. 321, 104 A.2d 678 (1954); *Lemke v. Bailey, supra; Lackovic v. New England Paper Tube Co.,* 127 N.J.Super. 394, 317 A.2d 426 (Law Div. 1974); *Blackmon v. Govern,* 138 F.Supp. 884 (D.N.J.1956). *Contra, Ferraro v. Ferro Trucking Co., supra.*

court interpretation of the relationship between 2A:14–22 and 39:7–2, which consideration would be irrelevant to the novel question here presented. Plaintiffs urge that *Lemke* should be read broadly to hold that the statute of limitations does not run against a nonresident individual, and that *Lemke* binds the court here because there is no reason to treat individual and corporate defendants differently.[13]

Amenability to long-arm service cannot be deemed to constitute representation within the state for the very same reason that the foreign corporation exemption is not triggered by the presence within the state of servants acting in the discharge of their duties. The narrow foreign corporation exception must be construed in light of legislative intent at the time of enactment. The tolling statute exemption was adopted in 1949. Although the Supreme Court had held four years earlier that the reach of state process could constitutionally extend beyond the territorial boundaries of a state,

*International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), long-arm service was not adopted in New Jersey until 1958.[14] Further, the New Jersey courts have tended to construe the tolling statute narrowly so as not to incorporate subsequent broadening of the service laws. *See*, n. 12, *supra*. One court has held in the context of an individual defendant that amenability to long-arm service does not satisfy the tolling statute. *Fidelity & Deposit Co. of Maryland v. Abagnale, supra*, 97 N.J.Super. at 144, 234 A.2d 511. For these reasons, the foreign corporation section of the tolling statute cannot be construed to encompass extraterritorial service unknown to the legislature at the time of enactment and not within the intendment and scope of the statutory language.[15]

Finally, Searle argues that if the New Jersey tolling statute acts to deny the statute of limitations to a foreign corpora-

13. Plaintiffs cite two cases for the proposition that the tolling statute deprives a nonresident defendant of a statute of limitations defense despite amenability to substituted service. *Kenny v. Duro-Test Corp.*, 91 F.Supp. 633 (D.N. J.1950); *Mann v. Morristown Memorial Hospital*, Civ. No. L–23529–64 (N.J.Super., Law Div., filed Aug. 6, 1965, dismissed by consent Mar. 6, 1968). Neither case supports plaintiffs' argument. *Kenny* held that under the tolling statute a foreign licensed corporation could not plead the statute of limitations despite the fact that it was servable within the state. However, the court indicated that the 1949 foreign corporation exemption was only prospective in effect and therefore inapplicable to that case. *Id.* at 635–36.

On the other hand, the facts in *Mann* do not support the reading that plaintiffs give to its result. *Mann* was a malpractice action against a hospital and two doctors. The plaintiff was treated by the defendants until June 1963, when his cause of action accrued. *Tortorello v. Reinfeld*, 6 N.J. 58, 66, 77 A.2d 240 (1950). He filed his complaint on Aug. 6, 1965. Summary judgment was granted to two defendants on statute of limitation grounds, but denied as to Dr. Matthews, who had moved from New Jersey in August 1963 and been served under the long-arm rule. Plaintiffs herein assert that Matthews had been subject to long-arm service from the time of his departure, and, therefore, the denial of his motion for summary judgment represents a holding that the tolling statute

always applies to a nonresident defendant despite amenability to substituted service.

However, long-arm jurisdiction was not available against individual defendants until January 1964. R.R. 4:4–4(j) (effective Jan. 2, 1964) (current version at R. 4:4–4(e)). Assuming that the limitations period would ordinarily run during periods of absence when subject to substituted service, the statute ran against Matthews for two months in 1963 and then re-commenced to run in January 1964. By that calculation, the complaint was filed only some seven months into the limitations period, and the action was timely without the aid of the tolling statute. Thus, the disposition of Matthews' summary judgment motion does not reflect on the relationship between the tolling statute and substituted service.

14. Long-arm service over corporations was adopted in 1958. R.R. 4:4–4(d) (effective Sept. 3, 1958). It was extended to individuals in 1964. R.R. 4:4–4(j) (effective Jan. 2, 1964).

15. Searle has relied on cases construing the Ohio and Idaho tolling statutes to be inapplicable to foreign corporations subject to long-arm jurisdiction. *Partis v. Miller Equipment Co.*, 324 F.Supp. 898 (N.D.Ohio 1970); *Lipe v. Javelin Tire Co., Inc.*, 96 Idaho 723, 536 P.2d 291 (1975). The tolling statutes in those states provide for tolling when a person is "absent from the state." Such general language lends itself to a broader interpretation than the more restrictive wording of the New Jersey statute.

tion subject to long-arm jurisdiction, that statute violates the equal protection clause of the United States Constitution.[16] This, too, is an issue of first impression. Searle's position is that a statutory classification must bear a rational relationship to the purpose of the enactment to withstand an equal protection challenge. Where an out-of-state defendant is amenable to process, Searle argues that the purpose of the tolling statute is satisfied, and there is no reason to deny such a defendant the statute of limitations. While conceding that Searle is correct as to the equal protection standard, plaintiffs reply that the classification here under attack is rational because one of the purposes of the tolling statute is to penalize foreign unlicensed corporations by denying them repose to encourage domestication.[17]

The thrust of the equal protection clause is the proscription of arbitrary discrimination between persons similarly situated. *Schmidt v. Board of Adjustment of City of Newark*, 9 N.J. 405, 88 A.2d 607 (1952). As more fully stated by the Supreme Court,

the Fourteenth Amendment does not deny to the States the power to treat different classes of persons in different ways. *Barbier v. Connolly*, 113 U.S. 27, 5 S.Ct. 357, 28 L.Ed. 923 (1885); *Lindsley v.*

*Natural Carbonic Gas Co.,* 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911); *Railway Express Agency v. New York,* 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949); *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969). The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike." *Royster Guano Co. v. Virginia,* 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).

*Reed v. Reed,* 404 U.S. 71, 75–76, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971). *Accord, N. J. Restaurant Association v. Holderman,* 24 N.J. 295, 131 A.2d 773 (1957).

As indicated, the purpose of the tolling statute is to preserve a plaintiff's cause of action where service cannot be effected upon the defendant on account of nonamenability to process. *Lemke v. Bailey,*

---

**16.** Searle also makes a due process argument. Because of my holding on the equal protection question, I need not reach Searle's due process claim.

**17.** Plaintiffs' position that the tolling statute was intended as a penalty to induce licensure is flawed. N.J.S.A. 14A:13–3(1) (1969) provides that a foreign corporation has no right to transact business within New Jersey without obtaining a certificate of authority from the Secretary of State. Where corporate activities do not meet the standard of "transacting business," registration is not required. *See* N.J.S.A. 14A:13–3(2); N.J.S.A. 14A:13–11 (1969); *Materials Research Corp. v. Metron,* 64 N.J. 74, 312 A.2d 147 (1973); *United States Time Corp. v. Grand Union Co.,* 64 N.J.Super. 39, 165 A.2d 310 (Ch.Div.1960). Assuming, *arguendo,* that the tolling statute was intended to impose a penalty on unlicensed foreign corporations, such a penalty would fall with equal weight on all foreign corporate defendants without representation by persons or officers, irrespective of the nature of their New Jersey activities. Because the standard of state contacts sufficient

for long-arm jurisdiction is substantially lower than that for "transacting business," *Materials Research Corp. v. Metron, supra,* 64 N.J. at 84, 312 A.2d 147, the sanction of the tolling statute would be imposed on corporations which would not be required to register under N.J. S.A. 14A:13–3. While there may be some justification for denying the statute of limitations to corporations transacting business without registration, the tolling statute would reach a far greater class of corporate defendants and, as construed by plaintiffs, that statute would itself effect an irrational classification. Further, since state licensure may not be required of a foreign corporation which is involved in the state solely in interstate commerce, *Eli Lilly & Co. v. Sav-On Drugs, Inc.,* 366 U.S. 276, 278 & n. 7, 81 S.Ct. 1316, 6 L.Ed.2d 288 (1961), plaintiffs' reading of the tolling statute would run afoul of the commerce clause. I am aware of no provision imposing penalties for transacting business without a license other than N.J.S.A. 14A:13–11.

*supra* (Schettino, J., dissenting); *Ferraro v. Ferro Trucking Co., supra.* Nothing in the legislative history or court construction of N.J.S.A. 2A:14–22 supports plaintiffs' assertion that a purpose of the statute is to penalize foreign unlicensed corporations to encourage licensure.[18]

The effect of the foreign corporation section of the tolling statute is to distinguish between domestic and foreign corporations subject to service through representative agents within the state and foreign corporations subject to service under the long-arm rule. The former are entitled to plead the statute of limitations while the latter are denied its repose. Since this difference in treatment bears no rational relationship to the object of the tolling statute, I find that the statute denies equal protection to foreign corporations amenable to long-arm jurisdiction.[19] *Cf. Lemke v. Bailey, supra* 41 N.J. at 305–06, 196 A.2d 523 (Schettino, J., dissenting).

One who by law is subject to a state's jurisdiction is effectively present and represented within that state. *Hurwitch v. Adams,* 151 A.2d 286 (Del.Super.Ct.), aff'd, 52 Del. 247, 155 A.2d 591 (1959); *Bolduc v. Richards,* 101 N.H. 303, 142 A.2d 156 (1958); *Snyder v. Clune,* 15 Utah 2d 254, 390 P.2d 915 (1964). Where the long-arm rule places an out-of-state defendant on an equal footing with a resident or represented one, there is no rational justification for differential treatment of such defendants with regard to the statute of limitations. While the tolling statute made eminent good sense in the days of territorial restrictions on service, it has become dated in the instant context by modern changes in the law of in personam jurisdiction. The infirmity which the statute has developed in the course of the aging process is over-permissiveness: until today it allowed a plaintiff to postpone indefinitely the assertion of his cause of action even though the defendant was subject to service. As a matter of fair judicial administration, where a defendant may be brought before the courts, he should be permitted to assert the statute of limitations to implement the important policies behind that statute to spare defendants from being put to a defense after evidence is lost, memories have faded and witnesses have died or disappeared and to deliver the courts from the litigation of stale and possibly fraudulent claims. *Union City Housing Authority v. Commonwealth Trust Co.,* 25 N.J. 330, 335, 136 A.2d 401 (1957). The instant holding brings New Jersey law[20] into conformity with the rule in the majority of the states[21] that amenability to proc-

18. While the sponsor's statement regarding the 1949 amendment indicated that the legislature intended to give the benefit of the statute of limitations to foreign licensed corporations, the language of the amendment is not so narrowly phrased as to deny unlicensed corporations a statute of limitations defense.

19. While this holding is limited to corporate defendants, individuals are subject to long-arm jurisdiction in New Jersey, R. 4:4–4(e), and I agree with plaintiffs that "[t]here is no logical reason to treat corporate and individual defendants in a different manner." *Lackovic v. New England Paper Tube Co., Inc., supra,* 127 N.J.Super. at 398, 317 A.2d at 429. One court has held that it does not deny equal protection of the laws to apply a tolling statute to an individual defendant subject to substituted service pursuant to a nonresident motorist statute because of the latter statute's requirement of actual notice to the defendant for a personal judgment and the difficulty of locating an individual in another state. *Vaughn v. Deitz,* 430 S.W.2d 487 (Tex.1968). However, the burdens on plaintiffs found so onerous by that court are minimized in New Jersey practice. In New Jersey, an action is commenced by filing a complaint with the court, R. 4:2–2, and a summons is to be issued and served 10 days thereafter. R. 4:4–1. However, liberal relief is granted from the 10-day service rule where the plaintiff uses due diligence to find the defendant. *See Cooke v. Yarrington,* 62 N.J. 123, 299 A.2d 400 (1973); *X–L Liquors, Inc. v. Taylor,* 17 N.J. 444, 454, 111 A.2d 753 (1955). Thus, there is no prejudice to plaintiffs in requiring them to file a complaint within the limitations period where their cause of action will be preserved so long as they make reasonable efforts to find the defendant.

20. I express no view on the rule of *Lemke v. Bailey, supra,* but note that any defendant subject to service under the New Jersey nonresident motorist statute, N.J.S.A. 39:7–2, is also amenable to long-arm jurisdiction.

21. Of the 42 states which have considered the question, 38 take the majority position. *See* 94 A.L.R. 485 (1935); 119 A.L.R. 859 (1939); 17 A.L.R.2d 502 (1951); 55 A.L.R.3d 1158 (1974).

Footnote 21 continued on next page

ess by substituted or long-arm service renders the tolling statute inapplicable.

In light of the above result, it will become necessary to resolve the second issue tendered by the motion of defendant for summary judgment—whether plaintiffs are entitled to the benefit. of the "discovery" rule in bar of the statute of limitations. There will be no necessity to enter an order on the motion until that question is resolved.

Footnote 21—Continued
  Contra:
  *New Jersey*: *Lemke v. Bailey*, 41 N.J. 295, 196 A.2d 523 (1963).

  *Ohio*      : *Couts v. Rose*, 152 Ohio St. 458, 90 N.E.2d 139 (1950). However, the Ohio courts have taken a different approach to corporations. *See Partis v. Miller Equipment Co.*, 324 F.Supp. 898 (N.D.Ohio 1970), *aff'd*, 439 F.2d 262 (6th Cir. 1971).

  *S. Carolina*: *Macri v. Flaherty*, 115 F.Supp. 739 (E.D.S.C.1953).

  *Texas*      : *Dietz v. Vaughn*, 423 S.W.2d 113 (Civ.App.1967), *aff'd*, 430 S.W.2d 487 (Tex.1968).