168 N.J. Super. 520 (1979)
403 A.2d 927
KONSTANTINOS VELMOHOS, ALSO KNOWN AS VELMOHOS KONSTANTINOS, PLAINTIFF-APPELLANT,
v.
MAREN ENGINEERING CORPORATION, AN ILLINOIS CORPORATION, AND AIR CONVEYING, INC., AN ILLINOIS CORPORATION, DEFENDANTS-RESPONDENTS, AND NADUSTCO, INC., A LOUISIANA CORPORATION, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1979.
Decided May 29, 1979.
*521 Before Judges LYNCH, CRANE and HORN.
Mr. Barry A. Weisberg argued the cause for appellant (Mr. Edward J. Dolan, attorney).
*522 Mr. William K. Lewis argued the cause for respondent Maren Engineering Corporation (Messrs. Shanley & Fisher, attorneys).
Mr. Joseph DiRienzo argued the cause for respondent Air Conveying, Inc.
The opinion of the court was delivered by HORN, J.A.D.
This case raises for the first time in our state courts the question of the constitutionality of the tolling provision of our statute of limitations, N.J.S.A. 2A:14-22, as applied to a cause of action against an unrepresented foreign corporation constitutionally amenable to long-arm service of process under R. 4:4-4(c)(1). The trial judge held that the tolling statute was unconstitutional as so applied. Plaintiff appealed.[1]
On June 4, 1976 plaintiff filed a complaint claiming damages for personal injuries sustained by him on August 3, 1973 as the result of a defective machine or equipment supplied by defendant Maren Engineering Corporation (Maren), an Illinois corporation. Subsequently plaintiff filed an amended complaint adding as a defendant Air Conveying, Inc., also an Illinois corporation, which along with Maren was claimed to have supplied the defective machine or equipment which allegedly caused injury to plaintiff.[2]
Claims for personal injuries are usually barred if an action is not brought within two years of the date of the accrual of the cause of action. N.J.S.A. 2A:14-2. N.J. *523 S.A. 2A:14-22 provides that said two-year time limitation as well as time limitations fixed by several other statutes shall be tolled as follows:
* * * [I]f any corporation * * * not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues * * *, the time or times during which such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced * * *.
There appears to be no dispute as to the facts that both defendants on this appeal were incorporated in Illinois, that neither was registered to do business in New Jersey and that each was constitutionally amenable to long-arm service in an action in the State by reason of their contacts herein.
Each defendant successfully moved for dismissal of the complaint on the ground that the statute of limitations, N.J.S.A. 2A:14-2, barred the action. These motions probably were provoked by the publication of Cohn v. G.D. Searle & Co., 447 F. Supp. 903 (D.N.J. 1978), in which the judge held that our tolling statute, N.J.S.A. 2A:14-22, violated the Equal Protection Clause of the United States Constitution[3] as applied to foreign corporations which, although "not represented in this state by any person or officer upon whom summons or other original process may be served,"[4] could still be served under the long-arm rule.
The trial judge adopted the reasoning and rule thus declared in Cohn, apparently on the thesis that "since [Cohn] involved a federal constitutional question decided by a federal court, I feel I am enjoined to follow [the] decision." The judge additionally expressed his view that the position of the court in that case was reasonable.
*524 Quite properly, neither defendant claims that the decision in Cohn is controlling. It is well established that state courts and lower federal courts occupy parallel positions, even on federal constitutional questions. State v. Norflett, 67 N.J. 268, 286 (1975); State v. Coleman, 46 N.J. 16, 36 (1965), cert. den. 383 U.S. 950, 86 S.Ct. 1210, 16 L.Ed.2d 212 (1966).
The heart of the holding of Cohn that the Equal Protection Clause was violated is expressed as follows:
The effect of the foreign corporation section of the tolling statute is to distinguish between domestic and foreign corporations subject to service through representative agents within the state and foreign corporations subject to service under the long-arm rule. The former are entitled to plead the statute of limitations while the latter are denied its repose. Since this difference in treatment bears no rational relationship to the object of the tolling statute, I find that the statute denies equal protection to foreign corporations amenable to long-arm jurisdiction. Cf. Lemke v. Bailey, supra 41 N.J. [295] at 305-06, 196 A.2d 523 (Schettino, J., dissenting). [447 F. Supp. at 912]
Whatever may be the standard elsewhere, this court is bound by the rules laid down by our Supreme Court. Kazin v. Kazin, 161 N.J. Super. 174, 182-183 (App. Div. 1978); State v. Moore, 147 N.J. Super. 490, 497 (App. Div. 1977), certif. den. 74 N.J. 272 (1977). We can perceive no sound basis for distinguishing the precedent laid down in Lemke v. Bailey, 41 N.J. 295 (1963), so as to arrive at the conclusion reached in Cohn. To the contrary, although we may recognize that perhaps in the interest of advancing the very purposes of statutes against repose the holding of Cohn should be adopted,[5] that is a matter of policy which our court in Lemke must have considered. In any event, if the policy is to be changed, that court must change it. Franco v. Davis, 51 N.J. 237 (1968).
*525 As already noted, Lemke is controlling, notwithstanding the fact there was one dissent, as noted in Cohn. In Lemke plaintiffs, residents of New Jersey, instituted an action in the Law Division of the Superior Court seeking recovery of damages allegedly arising from an automobile collision which occurred in this State. Service was effected on defendants, residents of Connecticut, by serving the Director of Motor Vehicles, pursuant to N.J.S.A. 39:7-2. Since the accident out of which the claims had arisen had occurred over two years before the action was filed, defendants pleaded the applicable statute, N.J.S.A. 2A:14-2.
As in the instant case, defendants in Lemke argued that, since they were continuously amenable to service for two years after the accrual date of the cause of action by service upon the Director of Motor Vehicles, the tolling statute, N.J.S.A. 2A:14-22, was inapplicable, and that a contrary decision would deprive them of the equal protection of the law and hence be unconstitutional. After reviewing the legislative history of the tolling statute, N.J.S.A. 2A:14-22, the court concluded that the legislative intent as enunciated in Gotheiner v. Lenihan, 20 N.J. Misc. 119 (Sup. Ct. 1942), was that "the fact service could be made on nonresident defendants under N.J.S.A. 39:7-2 within the statutory time limit, did not make inapplicable * * * N.J.S.A. 2A:14-22 * * *." Lemke, supra, 41 N.J. at 300.
It further concluded as to the constitutional argument that defendants were not denied the equal protection of the law. In doing so the court referred to the opinion of the late Chief Justice Weintraub in New Jersey Restaurant Ass'n v. Holderman, 24 N.J. 295 (1957), which considered in depth the problem of determining whether unequal protection exists.
Defendants would diminish and distinguish the constitutional holding of Lemke by observing that in that case defendants admitted that the provisions of N.J.S.A. 2A:14-22, creating two classes of defendants under the statute of limitations, i.e., resident and nonresident, were constitutional. *526 This admission is hardly any basis for detracting from the court's decision that the application of the tolling statute was constitutional. Nor can defendants draw any sound basis for distinction simply because the court in noting the contradictory results of Whalen v. Young, 28 N.J. Super. 543 (Law Div. 1953), rev. on other grds. 15 N.J. 321 (1954), and Ferraro v. Ferro Trucking Co., 72 N.J. Super. 519 (Law Div. 1962), said that it expressed no opinion as to the effect of the tolling statute upon a corporate defendant.[6] In our view, the holding of constitutionality established the principle that there was no unequal protection simply because the nonresident, individual or corporate, could have been served with process.
We are not satisfied as to the correctness of the conclusion reached in Cohn that "there is no rational justification for differential treatment of such defendants with regard to the statute of limitations." 447 F. Supp. at 912.
More recently, Hopkins v. Kelsey-Hayes, Inc., 463 F. Supp. 539 (D.N.J. 1978), a case involving the same constitutional issue, refused to follow Cohn. Judge Brotman, in Hopkins, saw the holding in Cohn as merely "a substitution of [that] court's judgment on the policies behind the tolling statute for that of the [L]egislature." 463 F. Supp. at 542.
Independently, we assess the constitutionality of the applicability of the tolling statute, N.J.S.A. 2A:14-22, under the Equal Protection Clause and find no infirmity. Certainly defendants have not borne the burden of demonstrating the contrary. New Jersey Restaurant Ass'n v. Holderman, supra 24 N.J. at 300.
The Equal Protection Clause does not prohibit mere inequality or difference in treatment. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). And *527 a classification must be upheld under any reasonable set of facts unless there is a showing of invidious discrimination. Morey v. Doud, 354 U.S. 457, 463, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); Kenny v. Byrne, 144 N.J. Super. 243 (App. Div. 1976). If a classification has some "reasonable basis," it does not offend the Constitution simply because it is not made with mathematical nicety or because in practice it results in some inequality. Lindsley v. National Carbonic Gas Company, 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1910).
There is a reasonable basis for a distinction between the application of the tolling statute as to foreign corporations represented in this State and as to those not so represented. This is demonstrated merely by a reading of our rules pertaining to service of process. R. 4:4-4(c)(1) provides for service:
Upon a domestic or foreign corporation, by serving, * * * either an officer, director, trustee, or managing or general agent; or any person authorized by appointment or by law to receive service of process on behalf of the corporation; or the person at the registered office of the corporation in charge thereof. If service cannot be made upon any of the foregoing, then it may be made upon the person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then upon any servant of the corporation within this State acting in the discharge of his duties. If it appears by affidavit of plaintiff's attorney or of any person having knowledge of the facts that after diligent inquiry and effort personal service cannot be made upon any of the foregoing and if the corporation is a foreign corporation, then, consistent with due process of law, service may be made by mailing, by registered or certified mail, return receipt requested, a copy of the summons and complaint to a registered agent for service, or to its principal place of business, or to its registered office.
Service upon a represented foreign corporation is comparably easy. Service upon an unrepresented foreign corporation may or may not be accomplished with the same facility. It will be noted that before a foreign corporation, otherwise qualified to be served "consistent with due process *528 of law" may be served through the "long-arm" method it must appear by affidavit of someone having "knowledge of the facts that after diligent inquiry and effort personal service cannot be made." Quite obviously, the problem of serving a foreign unrepresented corporate defendant presents problems which ordinarily are not encountered in serving local corporate defendants. And what is not stated expressly in the foregoing rule but is nonetheless a required condition precedent to valid long-arm service is that there must be proof that such corporations have such minimal contacts as will not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Avdel Corp. v. Mecure, 58 N.J. 264 (1971).
The differences in the methods of serving domestic corporations and unrepresented foreign corporations (where service may be attained) furnish the rational basis for a constitutional distinction in the application of the tolling statute. Service upon an unrepresented foreign corporation may be more difficult. This is demonstrated in the instant case. The seventh separate defense of Maren's answer to plaintiff's complaint asserted that process and service thereof "are insufficient because the Summons and Complaint were not accompanied by an affidavit stating diligent effort and inquiry to effect personal service, as required by R. 4:4[-4] (c)(1)."
Finding as we do in this case that the application of the tolling statute, N.J.S.A. 2A:-14-22, did not offend the Equal Protection Clause, the judgment entered in the trial court is reversed.
NOTES
[1] The Attorney General was notified of the constitutional issue's being before this court, pursuant to R. 4:28-4. He has not appeared.
[2] Another corporation and another entity were named as defendants in the complaint and amended complaint. We have omitted reference to them because they have since been dismissed as parties, and discussion as to their respective roles in the litigation would be superfluous. Only Maren and Air Conveying, Inc. are included in the designation of "defendant" herein.
[3] U.S.C.A., Const. Amend. 14.
[4] N.J.S.A. 2A:14-22.
[5] The reasons for this as stated in Cohn are persuasive.
[6] See Lackovic v. New England Paper Tube Co., Inc., 127 N.J. Super. 394, 398 (Law Div. 1974), where the judge noted that there was no logical reason to treat corporate and individual defendants in a different manner.