860 A.2d 940

GAYATRI SHAH, PLAINTIFF–RESPONDENT, v. MAYANK
K. SHAH, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 19, 2004—Decided November 9, 2004.

48

Before Judges KESTIN, ALLEY and FALCONE.

*Ronald M. Abramson* argued the cause for appellant (*Kleeblatt, Galler, Abramson & Zakim,* attorneys; *Thomas R. McConnell,* on the brief).

*Jane A. Herchenroder* argued the cause for respondent (*Susan Servis,* on the letter brief).

The opinion of the court was delivered by

KESTIN, P.J.A.D.

On August 22, 2003, plaintiff, Gayatri Shah, filed a complaint seeking relief under the Prevention of Domestic Violence Act of 1991 (the Act), *N.J.S.A.* 2C:25–17 to –35. Following the entry of a temporary restraining order (TRO), defendant, Mayank Shah, moved to dismiss the complaint for lack of jurisdiction over the person. The trial court denied that motion.

In the meantime, in an amended TRO, the court had continued the restraints previously imposed on defendant, and had ordered defendant, by way of temporary support, to pay plaintiff $1,500 within eight days and an additional $300 per week pending a

hearing and the entry of a final order. The amended TRO also provided that defendant was to send plaintiff "[her] work permit, social security card, all immigration related documents and plaintiff's personal mail."

We granted leave to appeal, staying further proceedings in the trial court but providing "that the temporary order remains in effect pending the appeal." On appeal, defendant argues that the courts of New Jersey lack subject matter and personal jurisdiction; and that, by application of *forum non conveniens* principles, the issues should be tried in the State of Illinois, where a divorce action between the parties is pending. The Illinois divorce complaint, which defendant had filed at about the same time this matter was commenced, was served on plaintiff at the time argument of the motion to dismiss occurred.

The parties were married in India on November 12, 2001, in what defendant asserts was "a religious ceremony" and plaintiff characterizes as "an arranged marriage." Defendant, a U.S. citizen, is a physician licensed to practice in Illinois. Plaintiff is a citizen of India. Following the marriage, defendant returned to the United States alone. Plaintiff came to the United States almost a year-and-a-half later, in April 2003, after receiving proper immigration papers.

The parties resided together in Illinois from the date of plaintiff's arrival until August 12, 2003, when plaintiff left the marital home and sought refuge with family friends in Bergen County. She was pregnant (two months according to defendant; five months according to plaintiff) at the time. Plaintiff's domestic violence complaint charged as the underlying offenses: terroristic threats, criminal restraint, false imprisonment, and harassment; and alleged supporting facts attributed to defendant and his family that motivated plaintiff to "jump[ ] out of a window to escape...."

The initial TRO was entered on the date the complaint was filed, August 22, 2003, returnable for a final hearing on September 4, 2003. The trial court entered the amended TRO on the latter date, providing for a rescheduled final hearing on September 23,

2003, the date of which was again continued to October 9, 2003. In the interim, defendant filed his jurisdictional motion, in respect of which argument was heard on September 23, with an order entered on October 8, 2003.

Counsel, appearing on defendant's behalf for the limited purpose of advancing the jurisdictional challenge, has represented throughout that defendant has never resided in New Jersey and has no connection with this State sufficient to satisfy minimum contacts requirements for the assertion of personal jurisdiction. *See Hanson v. Denckla,* 357 *U.S.* 235, 245–46, 253, 78 *S.Ct.* 1228, 1235, 1240, 2 *L.Ed.*2d 1283, 1293, 1297–98 (1958); *International Shoe Co. v. Washington,* 326 *U.S.* 310, 316, 66 *S.Ct.* 154, 158, 90 *L.Ed.* 95, 101–02 (1945); *Pennoyer v. Neff,* 95 *U.S.* 714, 732–33, 24 *L.Ed.* 565, 572 (1877). *See also Kulko v. Superior Court of California,* 436 *U.S.* 84, 98 *S.Ct.* 1690, 56 *L.Ed.*2d 132 (1978); *A.R. v. M.R.,* 351 *N.J.Super.* 512, 519, 799 *A.*2d 27 (App.Div.2002); *Sharp v. Sharp,* 336 *N.J.Super.* 492, 499–505, 765 *A.*2d 271 (App. Div.2001). *Cf. Johnson v. Bradbury,* 233 *N.J.Super.* 129, 132–34, 558 *A.*2d 61 (App.Div.1989). For the purposes of this appeal, plaintiff having asserted no challenge to the factual bases of defendant's claim that minimum contacts are lacking, we accept the jurisdictional facts as presented by defendant to be true.

The lack of minimum contacts does not resolve all of the issues before us, however. We are as concerned with this State's responsibility to provide the protection afforded by our laws to any person resident here, *i.e.*, plaintiff, as we are with our duty not to overstep the bounds of what supervening law requires before we can properly assert jurisdiction over the person of defendant.

Manifestly, both for public policy reasons and more general prudential considerations, any person resident in this State may expect the protection of our laws. More particularly, "[t]he Act's plain language authorizes New Jersey courts to protect domestic violence victims seeking shelter in this State." *State v. Reyes,* 172

N.J. 154, 167, 796 A.2d 879 (2002); *see also A.R. v. M.R., supra,* 351 N.J.Super. 512, 799 A.2d 27.

■ There can be no question that plaintiff, having a lawful presence in New Jersey and residing here, at least for the time being, is entitled to seek and expect the full protection of our laws. The trial court acted properly, therefore, in asserting subject matter jurisdiction over the domestic violence matter in the same manner as it would on the complaint of any other plaintiff resident here. And, correlatively, there can be no question that, if a factual basis is found to exist, the court must be seen to have the authority to enter any reasonable order required to protect plaintiff's safety and her personal integrity. Should defendant wish to challenge the factual allegations at the heart of the complaint or advance any other basis why plaintiff is not eligible for the protections our law affords, he must do so here. This State's lack of jurisdiction over defendant's person cannot be seen as a reason for denying or limiting plaintiff in respect of the protections our laws afford to her. There is an obvious difference between court orders that afford prohibitory relief and those that impose mandatory obligations.

Clearly, an order of protection under the Act is fully enforceable in New Jersey. Defendant may not, within the borders of this State, violate its terms. Should he do so, assuming adequate notice of the entry of the order, he will be liable for any sanctions that may permissibly be applied to any person who acts contrary to a domestic violence restraining order. Whether or not the prohibitory provisions of the order may be enforced in another state, subjecting the violator to any remedies that may be applied there, is not for us to determine.

■ It is another thing entirely, however, to enter an order that acts upon defendant personally, in the sense of imposing affirmative obligations on him, in the absence of any conduct on his part subjecting himself to the jurisdictional sway of this State. While the Legislature, in establishing the remedies available under the Act, gave the trial courts the general authority to craft support

orders and make other decrees, *see N.J.S.A.* 2C:25–28, –29, a court is without the power to effect a mandate when it lacks personal jurisdiction over defendant. We do not question the trial court's legal prerogative and ability to make a factual finding as to what the plaintiff's support needs are, but, in the circumstances developed before us, the court lacks the power or factual basis to take the ensuing steps of determining defendant's ability to pay and requiring him to fulfill a specific payment obligation. Given the facts that defendant has no connection with this State, that the marital domicile was in Illinois, and that a divorce proceeding is pending there, plaintiff must litigate her support entitlement there—assisted by whatever weight our court's permissible findings may afford—either in the divorce action itself, or in an independent action for spousal support, as dictated by the requirements of Illinois law.

The portion of the trial court's order that requires defendant to turn over plaintiff's personal papers—her work permit, social security card, immigration documents and mail—has hybrid qualities, however. In the sense that it works to keep plaintiff legally whole and as fully protected by the law as circumstances permit, as distinguished from factually better off, it has some of the same character as the protective order, and is authorized by a sensibly remedial application of the authority conferred in *N.J.S.A.* 2C:25–29b (12). *Cf. Home Life Ins. Co. v. Morris,* 7 *N.J.Super.* 512, 515, 71 *A.*2d 909 (Ch.Div.1950). To the extent such an order acts upon defendant to require him to undertake particular acts, however, it cannot, either as a matter of law or practicality, be specifically enforced in this State. *See, e.g., Govan v. Trade Bank & Trust Co.,* 109 *N.J.Super.* 271, 274–75, 263 *A.*2d 146 (App.Div.1970)(discussing requirements for exercise of long-arm jurisdiction); *J.W. Sparks & Co. v. Gallos,* 47 *N.J.* 295, 220 *A.*2d 673 (1966)(same); *Sharp v. Sharp, supra,* 336 *N.J.Super.* at 499–505, 765 *A.*2d 271 (same).

We hold that the trial court possessed the authority to enter the order requiring plaintiff's papers to be restored to her, and that

the particular mandate was, in the circumstances, well within the trial court's discretion; but it is clear that order can be enforced to require defendant to perform the acts mandated only by a court that has personal jurisdiction over him. We recognize, of course, that a full year has passed since leave to appeal was granted. It may well be that defendant has already turned over the personal papers at issue, either by way of discharging his obligations under our order preserving the terms of the TRO, or as a matter of personal grace. The thoughts we have expressed in this regard will, of course, govern only if the issue still pends. In that event, plaintiff should seek enforcement in Illinois or in any other state with jurisdiction over defendant's person, either by proceeding in a pending matter, or by filing an independent action to perfect and enforce the trial court's order in this matter regarding the turnover of her personal property, or by any other available remedial device. Any full-faith-and-credit issues that need to be addressed must, of course, be advanced to the courts of the forum state.

The *forum non conveniens* argument raised in appellant's brief is, in the light of our resolution of the other issues in the matter, without sufficient merit to warrant separate discussion. *R.* 2:11–3(e)(1)(E).

Accordingly, for the reasons we have stated, we affirm in part and reverse in part. We vacate the stay of further proceedings imposed in our order granting leave to appeal, and remand for such further proceedings and amended orders as the trial court may deem necessary and appropriate.